Juan Diego **LEDESMAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 56703.

Court of Criminal Appeals of Texas.

Nov. 16, 1977.

---

Eric R. Borsheim, Austin, for appellant.

Ronald Earle, Dist. Atty., and Charles E. Hardy, Asst. Dist. Atty., Austin, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the delivery of heroin; punishment is imprisonment for 5 years.

In his sole ground of error appellant contends that either the conviction must be reversed or the appeal dismissed because the record does not contain a valid judgment as defined by Art. 42.01, V.A.C.C.P. We overrule this contention and affirm the judgment of the trial court.

On October 18, 1976, appellant waived his right to trial by jury and entered a plea of guilty before the court. The court found appellant guilty and assessed his punishment. On October 27, 1976, appellant filed an instrument styled "MOTION FOR NEW TRIAL AND TO WITHDRAW GUILTY PLEA." On November 4, 1976, with his counsel, appellant again appeared in court, stating that he did not wish to withdraw his guilty plea; the court denied the motion for new trial. On January 20, 1977, formal sentence was pronounced, and notice of appeal was given.

The record contains two separate instruments which purport to be judgments. The first instrument, dated October 18, 1976, and styled "JUDGMENT OF GUILT ON PLEA OF GUILTY," does not recite the punishment assessed—a requirement of a valid judgment. Art. 42.01, Sec. 1(10), V.A.C.C.P. The other instrument, dated November 4, 1976, and styled "ASSESSMENT OF PUNISHMENT BY JUDGE," although lacking certain other requisites of a valid judgment, Art. 42.01, V.A.C.C.P., does recite that appellant's punishment was assessed at imprisonment for 5 years.

Appellant correctly cites *Tyra v. State*, 548 S.W.2d 912 (Tex.Cr.App.1977) and *Savant v. State*, 535 S.W.2d 190 (Tex. Cr.App.1976) for the proposition that a recital of the assessment of punishment is an essential part of a judgment. The question presented in the instant case, however, is whether the two instruments may be construed together to satisfy the requirements of Art. 42.01, V.A.C.C.P. A similar situation was noted in *Mendez v. State*, 535 S.W.2d 365 (Tex.Cr.App.1976), but we did not reach the issue in that case. We now hold that the two documents, although filed on separate days, may be considered together in determining whether the requirements of Art. 42.01, V.A.C.C.P., have been met. In so holding we do not depart from our recommendation in *Mendez*, supra, that all of the requirements for a judgment as designated in Art. 42.01, V.A.C.C.P., be incorporated in one instrument.

The judgment is affirmed.