**Keble Payne FREE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–84–071 CR.**

Court of Appeals of Texas, Beaumont.

May 8, 1985.

Louis Dugas, Orange, for appellant.

David Bosserman, County Atty.'s Office, Orange, for appellee.

## OPINION

DIES, Chief Justice.

On December 1, 1982, a judgment was entered by the County Court at Law of Orange County convicting appellant of driving while intoxicated. A fine of $200 was assessed, and appellant was confined in the county jail for a term of one year. The court placed appellant under probation. The *conditions of probation* were not contained in the judgment, but were enumerated in a separate document filed the same day as the judgment.

By file date of August 29, 1983, the State filed a motion to revoke probation alleging that appellant had violated certain of his conditions of probation.

On May 1, 1984, the court signed and executed a *Revocation of Probation and Imposition of Sentence.* It is from this latter instrument and order that the appellant has perfected appeal to this Court.

The only question involved, which is contained in appellant's sole ground of error, is whether by directing the conditions of probation in a separate instrument, rather than in his judgment, the trial court has committed reversible error. This is a challenge which at first blush seems to be one clearly putting form before substance, but on investigation into appellant's ground of error, we conclude it is not all that simple.

In 1981, effective September 1, 1981, the Legislature amended *TEX.CODE CRIM. PROC.ANN. art. 42.01* (Vernon Supp.1985) to provide, in pertinent part, as follows:

"Section 1. A judgment is the written declaration of the court signed by the trial judge and entered of record showing the conviction or acquittal of the defendant. The judgment should reflect:

\* \* \* \* \* \*

"10. In the event of conviction where any probated punishment is assessed that the imposition of sentence is suspended and the defendant is placed on probation, setting forth the punishment assessed, the length of probation, and the probationary terms and conditions; . . . ."

The State insists that the two documents (Judgment and Conditions of Probation) can be construed together, citing *Ledesman v. State,* 557 S.W.2d 788, 789 (Tex. Crim.App.1977). There, the Court wrote:

"The record contains two separate instruments which purport to be judgments. The first instrument, dated October 18, 1976, and styled 'JUDGMENT OF GUILT ON PLEA OF GUILTY,' does not recite the punishment assessed—a requirement of a valid judgment. Art. 42.-01, Sec. 1(10), V.A.C.C.P. The other instrument, dated November 4, 1976, and styled 'ASSESSMENT OF PUNISHMENT BY JUDGE,' although lacking certain other requisites of a valid judgment, Art. 42.01, V.A.C.C.P., does recite that appellant's punishment was assessed at imprisonment for 5 years.

"... We now hold that the two documents, although filed on separate days, may be considered together in determining whether the requirements of Art. 42.01, V.A.C.C.P, have been met. In so holding we do not depart from our recommendation in *Mendez,*[1] supra, that all of the requirements for a judgment as designated in Art. 42.01, V.A.C.C.P., be incorporated in one instrument."

Of course, since *Ledesman, supra, Art. 42.01* has been amended to include *Section 10,* quoted in this opinion, which specifically requires that the probationary term and conditions be set forth in the judgment itself. However, the principle is still the same and it is our duty to follow the mandates of our Court of Criminal Appeals. And, if that Court, without dissent, held that the two instruments considered therein, neither of which satisfied Art. 42.01, V.A.C.C.P., could be considered together in determining if the requirements of a judgment were met, certainly we so hold in the case at bar. However, as did the Court in *Ledesman, supra,* we recommend that trial judges begin including in their *judgments* those requirements set forth in *Art. 42.01,* as amended. Appellant's ground of error is overruled.

The judgment of the trial court is affirmed.

Affirmed.

---

1. *Mendez v. State,* 535 S.W.2d 365 (Tex.Crim. App.1976).