Frederico CAMPOS and Leonardo Campos, Appellants,

v.

The STATE of Texas, Appellee.

Nos. 13–85–398–CR, 13–85–399–CR.

Court of Appeals of Texas, Corpus Christi.

Aug. 29, 1986.

Thomas Schumacher, Corpus Christi, for appellants.

Jay Kimbrough, Beeville, for appellee.

Before DORSEY, UTTER and BENA-VIDES, JJ.

OPINION

DORSEY, Justice.

Leonardo Campos, Sr., and Frederico Campos were charged with possessing not

more than two ounces of marijuana. Trial was to the court which found each guilty and assessed punishment at sixty days in the County Jail and a fine of $1,000.00 each.

Each appellant challenges the sufficiency of the evidence and otherwise raises the same grounds of error. Because we find the evidence insufficient to sustain the convictions we focus initially on the facts of the case.

The State's sole witness was the arresting officer, Edward Hons. On September 24, 1984, Officer Hons obtained a search and arrest warrant for Leonardo Campos, Sr., Leonardo Campos, Jr., and Frederico Campos. The warrant was based on the affidavit of Officer Hons that an informant purportedly purchased some marijuana from the Camposes at a mobile home. On September 25, 1984, Officer Hons went to the mobile home and executed the warrant. At the time of his arrival, Leonardo, Sr. and Frederico were outside the mobile home. Leonardo's wife was also present. Officer Hons asked Leonardo Sr. and Frederico to accompany him inside the home.

The mobile home contained three bedrooms, two baths, a kitchen, and living area. During the search of the north bedroom, Officer Hons discovered three marijuana smoking pipes, five roach clips, a baggie containing a usable quantity of marijuana, and rolling papers. The record does not reveal exactly where in the bedroom these items were found or if they were found in plain view.

In the south bedroom, Hons discovered a glass container containing marijuana seeds and a small clear cigarette package cover with marijuana on the dresser. A water pipe was found on the floor. He also found rolling papers and a box of clear plastic sandwich bags. One of the bags contained marijuana residue. A pipe for smoking marijuana was found on a shelf near the bed.

Outside of the mobile home, Hons discovered a live potted marijuana plant. Appellants contend that this evidence is insufficient to support their convictions. Neither the informant nor the appellants testified at the trial.

■■■ The State must prove two elements in order to establish the unlawful possession of a controlled substance: (1) that the accused exercised care, control, and management over the contraband; and (2) that the accused knew the matter possessed was contraband.[1] *Johnson v. State,* 658 S.W.2d 623 (Tex.Crim.App.1983). Direct evidence on these elements is not necessary; both may be established by circumstantial evidence. *Sewell v. State,* 578 S.W.2d 131 (Tex.Crim.App.1979). Typically, exclusive possession of the premises where the contraband is located is sufficient to establish the statutory elements. *Hughes v. State,* 612 S.W.2d 581 (Tex.Crim. App.1981).

■■ In the present case, the evidence fails to show that any one person had exclusive control or possession of the premises. No evidence was introduced to show who owned the property or who paid the utility bills. No evidence was introduced to show that any clothing or other contents of the residence belonged to either of the appellants. While Officer Hons made several references in his testimony to "the Campos residence," his testimony shows only that he had seen appellants at the mobile home on four to six occasions. His testimony also shows that Mrs. Campos lived in the home, although the facts which support this conclusion are not detailed in Hons' testimony. The record is unclear as to whether Leonardo, Jr., lived in the home or merely had access to it.

---

1. In reviewing the evidence introduced in the present case, we find the evidence more than sufficient to show that whoever possessed the substance knew it was marijuana. The discovery of water pipes, roach clips, rolling papers, and baggies certainly allowed the trier of fact to conclude that the substance was not ignorantly possessed. *See Herrera v. State,* 561 S.W.2d 175 (Tex.Crim.App.1978). As in *Herrera,* however, the more difficult question is deciding whether the State showed that it was the appellants who possessed the substance.

Although the evidence is scanty and vague with respect to ownership and possession of the home, it does show that appellants were not in exclusive possession of the premises. Where the accused is not in exclusive possession of the premises, discovery of contraband on the premises is not sufficient to sustain the conviction, and the State must produce additional evidence to show an affirmative link between the accused and the contraband. *Hughes*, 612 S.W.2d 582.

Thus, the primary issue in this case is whether the State produced sufficient "additional evidence" to establish the affirmative link between appellants and the contraband.

In *Williams v. State*, 498 S.W.2d 340 (Tex.Crim.App.1973), the defendant was living with others in a trailer home. The utilities were in his name. He was present when the premises were searched and narcotics recovered. Since his possession of the premises was not exclusive, the Court of Criminal Appeals found the evidence insufficient to link the defendant to the contraband.

We read the majority in *Williams* as holding that an accused who is in possession of premises with others may not be found responsible for the possession of narcotics contained inside merely by proof that he resided at the premises. Cases more recent than *Williams* have continued to require the State to show more than mere presence or residence to establish the link between the accused and the substance. *See Rodriguez v. State*, 635 S.W.2d 552 (Tex.Crim.App.1982); *Rhyne v. State*, 620 S.W.2d 599 (Tex.Crim.App.1981); *Harrison v. State*, 555 S.W.2d 736 (Tex.Crim.App. 1977). *But see Williams v. State*, 524 S.W.2d 705 (Tex.Crim.App.1975).

In the present case, appellants were found outside the mobile home when the search warrant was executed. There is no evidence that they attempted to flee or conceal any substance from the officers. There is no evidence that appellants were under the influence of narcotics, actually possessed any drugs on their persons, or made any incriminating statements. There is no evidence that any marijuana had been recently smoked.

We first turn to whether the evidence presented sufficiently linked Frederico to the marijuana. The State attempted to show an affirmative link between Frederico and the marijuana at trial by showing the location of its discovery. With respect to Frederico, the evidence linking him to the north bedroom was as follows:

Q: [By State's Attorney] When you were searching there, did you notice whether or not the chest of drawers had any clothing in them, or did it appear to be a bedroom that nobody lived in?

A: [By Officer Hons] It appeared to be the bedroom of a younger person, a teenager to approximately their twenties, something of this nature, this type of clothing.

There is no evidence that the clothing or contents found in the north bedroom belonged to Frederico or that Frederico was the only "young person" who lived at the house, if indeed Frederico even lived at the house. We do not believe the trier of fact could find beyond a reasonable doubt that Frederico controlled this bedroom merely from Hons' testimony that he had seen Frederico at the house, that the bedroom contained the clothes of a young person, and that the home was the Campos' residence. We find the evidence insufficient to affirmatively link Frederico to the marijuana contained inside the north bedroom.

We next turn to whether the evidence establishes an affirmative link between Leonardo, Sr., and the marijuana. Officer Hons testified with respect to Leonardo, Sr.:

Q: [By State's Attorney] All right. Did you have occasion in searching or going through that room to be able to determine whose room that was?

A: To my satisfaction, it was determined to be the room of Mr. and Mrs. Campos.

Q: Which Mr. and Mrs. Campos?

A: Leonardo, Sr.

Q: Okay. One of the defendants on trial here today?

A: Yes, sir.

Q: And how was it that you came to that conclusion?

A: By the clothing and other items in the room.

Q: All right. And what type of clothing did you observe?

A: I don't recall at this time the items of clothing.

Q: Okay. But that was the conclusion or the opinion that you came to.

A: Yes, sir.

Q: Did you have occasion to go through the dresser drawers that were there?

A: Yes, sir. I did.

Officer Hons' testimony shows that he discovered "clothing and other items" in the south bedroom. From this he concluded that Leonardo, Sr., and his wife occupied this bedroom. We do not believe this testimony sufficiently links Leonardo, Sr., to the marijuana.

As noted above, the State never introduced evidence showing who lived at the mobile home or who paid the utilities. Aside from Hons' speculation, the clothes and other items were not shown to belong to Leonardo, Sr. If the State had shown that Leonardo, Sr., controlled the premises, a rational trier of fact might have been able to conclude that the "clothing and other items" belonged to Leonardo, Sr. Likewise, if the State had shown that appellant's clothing or other personal items were found in the mobile home, a rational trier of fact might have found that this mobile home was his residence. The State, however, did not establish a link between Leonardo, Sr., and the mobile home, except to the extent that he had been seen there four to six times. We do not believe the trier of fact could find that Leonardo, Sr., controlled the south bedroom merely because "clothes and other items" were discovered there, without proof that these clothes and other items belonged to Leonardo, Sr.

Additionally, even if the room belonged to Leonardo Sr., Hons' testimony speculates that this bedroom was controlled equally by his wife. Without additional facts, the evidence establishes only that Leonardo, Sr., might have known of the contraband.

▪ Mere presence of a defendant at the scene of an offense *or even knowledge* of an offense does not make one a party to joint possession. *Oaks v. State,* 642 S.W.2d 174 (Tex.Crim.App.1982). We find the evidence insufficient to sustain the conviction of Leonardo, Sr.

The State also relied on the discovery of the live potted marijuana plant to show both appellants' possession. We find that the presence of the live potted plant only supports the inference that the party or parties who possessed the substance knew it to be contraband, because the evidence does not establish who controlled the premises. The potted plant does not permit an inference that appellants either individually or jointly with others possessed the marijuana. We sustain appellants' grounds of error challenging the sufficiency of the evidence.

▪ In appellants' first ground of error they contend the trial court erred in failing to quash the information. The information alleges that "Frederico Campos and Leonardo Campos, acting alone and together" possessed the marijuana. Appellant contends the information is defective because it charges more than one offense. We disagree. The information charges one offense, possession of marijuana, but alleges two theories of the commission of that one offense. *Randolph v. State,* 656 S.W.2d 475 (Tex.Crim.App.1983). Appellants' first ground of error is overruled.

▪ In their second ground of error appellants contend that there was no probable cause for the issuance of a search warrant for the mobile home because all activity relating to the purchase and sale of marijuana occurred outside of the mobile home. We disagree with appellant's contention. The informant who purchased the marijuana was purportedly told that the

parties named in the affidavit for the search warrant possessed additional marijuana inside the home. Given the purchase of the marijuana directly outside the home by the informant and his information that marijuana was located within the mobile home, the magistrate did not err in issuing the warrant. The officer's affidavit contained sufficient facts to provide a substantial basis for the magistrate's finding of probable cause. *Eisenhauer v. State*, 678 S.W.2d 947 (Tex.Crim.App.1984). Appellant's second ground of error is overruled.

In appellants' third, fifth, and sixth grounds of error they contend the State failed to prove that the substance was marijuana, that it was a usable quantity, and that certain exhibits were the same objects seized under the warrant. Officer Hons testified that the substance was marijuana. He testified that he knew what marijuana was from his experience as a police officer. He also testified that the quantity was a usable quantity, and that he had custody of the seized marijuana since its seizure. Hons' testimony is sufficient to support the overruling of these three grounds of error.

Since we have sustained appellants' challenge to the sufficiency of the evidence, the judgment of the trial court is REVERSED and the cause is REMANDED for the entry of acquittal.