Jimmy Lee ARGUIJO, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–86–551–CR.

Court of Appeals of Texas,
Corpus Christi.

Oct. 29, 1987.

Charles T. Conaway, San Antonio, for appellant.

C.F. Moore, Beeville, for appellee.

Before DORSEY, UTTER and KENNEDY, JJ.

OPINION

DORSEY, Justice.

A jury convicted appellant Jimmy Lee Arguijo for marihuana possession and assessed a seven-year probated sentence. Appellant contends the evidence is insufficient to sustain the conviction. We affirm.

Police executed a warrant for appellant's arrest. The record does not indicate the basis for the warrant. At the time of the arrest, appellant gave officers permission to search the premises, a mobile home owned by his father. The police found over four ounces of marihuana in an air conditioning vent which was located in the floor of a bedroom. Officers also found marihuana seeds, a syringe, and two scales. Appellant testified that he did not live in the mobile home, but merely visited it daily in order to care for his family's livestock and other animals located on the lot.

On October 1, 1986, the jury returned a verdict of guilty and set punishment at seven years in the Texas Department of Corrections. The jury also recommended probation. On October 3, 1986, the trial court signed and entered judgment in accordance with the jury's verdict. On December 11, 1986, a hearing was held during which appellant was given the terms and conditions of his probation. That same day, appellant filed a motion for new trial and notice of appeal with the District Clerk.

Before we reach the merits of the controversy, we shall address a jurisdic-

tional issue concerning appellant's perfection of appeal. Tex.R.App.P. 41(b)(1) states that notice of appeal must be filed "within 30 days after the day sentence is imposed or suspended in open court." It appears at first glance that appellant's motions were filed late; the sentence seems to have been imposed on October 3, which would make November 3 the filing deadline. Appellant contends, however, that his sentence was not imposed until the December 11 probation hearing, and that his filing of motion for new trial and notice of appeal were therefore timely. We agree.

Tex.Code Crim.Proc.Ann. art. 42.01, § 1, subd. 10 (Vernon Supp.1987) states that "in the event of conviction where any probated punishment is assessed, the judgment should reflect the punishment assessed, the length of probation, *and the probationary terms and conditions.*" (emphasis added). Moreover, in *Mendez v. State*, 535 S.W.2d 365, 367 (Tex.Crim.App.1976), the court held that an instrument denominated "Judgment of Guilt on Plea of Guilty" did not comply with the requirements of a judgment under article 42.01 because it did not assess punishment.

In the instant case, the October 3 judgment states that appellant was to immediately begin serving his seven-year probated sentence in accordance with the terms and conditions of probation as contained in the "attached" order granting probation. No such order was attached to the judgment, and no specific terms were given to appellant regarding his probationary duties until December 11. We note first that the validity of the judgment as a whole was not affected by the court's decision to enumerate the conditions of probation on a separate day and in a separate document, since the two instruments may be considered together in determining whether the requirements of article 42.01 have been met. *Free v. State*, 692 S.W.2d 542, 543 (Tex.App.—Beaumont 1985, no pet.). We conclude, however, that the judgment was incomplete on October 3 due to the court's failure to include probationary terms and conditions at that time. On December 11, when appellant was specifically informed of his duties, the judgment was then made whole, and

appellant's sentence was imposed for purposes of perfecting appeal under Tex.R. App.P. 41(b)(1).

Turning to the merits of the controversy, appellant contends that the evidence presented at trial was insufficient to sustain his conviction. Our standard for review of sufficiency of evidence, whether circumstantial or direct, is "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Wilson v. State*, 654 S.W.2d 465, 471 (Tex.Crim.App.1984). In making this determination, we view the evidence in the light most favorable to the verdict. *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984).

To prove a defendant guilty of unlawfully possessing a controlled substance, the State must show that the defendant exercised care, control and management over the substance and that he knew the substance was contraband. *Johnson v. State*, 658 S.W.2d 623 (Tex. Crim.App.1983); *Campos v. State*, 716 S.W.2d 584 (Tex.App.—Corpus Christi 1986, no pet.). Generally, exclusive possession of the premises where the substance is found is sufficient to establish the elements set forth in *Johnson, Hughes v. State*, 612 S.W.2d 581 (Tex.Crim.App.1981); *Campos v. State*, 716 S.W.2d at 585.

In *Campos*, a small quantity of marihuana was found in a bedroom of a mobile home. There was no direct evidence linking the defendant to the contraband. Moreover, the State failed to prove that any one person had exclusive control or possession of the premises; no evidence was introduced to show that the defendants lived in the trailer or paid the utility bills. This Court held that the evidence was insufficient to sustain the conviction.

In the case at bar, the State presented the following evidence of appellant's exclusive possession and control over the mobile home in which the marihuana was found. Officer Raul Garcia of the Texas Department of Public Safety testified that at the time of arrest, appellant was alone, "cooking some food and watch-

ing T.V." He also stated that the mobile home was fully furnished with appliances, a telephone, living room furniture, and a mattress with sheets. Witness Sara Villa Gomez testified that she was appellant's neighbor, that appellant "lived" in the mobile home, and that she saw him there every day. Mary Miller told the jury that appellant had taken her to the trailer, informed her that it belonged to him, and then proceeded to use the telephone. Appellant took the stand and admitted the utility bills were in his name. He also stated that at the time of his arrest, he left his ring and other personal belongings on the television set in the mobile home.

We conclude that a rational trier of fact could have found, from the foregoing evidence, that the elements of the crime charged were present beyond a reasonable doubt. Appellant's point of error is overruled.

The judgment of the trial court is AFFIRMED.