**Dennis Paul REEVES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–90–122 CR.**

Court of Appeals of Texas, Beaumont.

March 6, 1991.

Bruce Neill Smith, Beaumont, for appellant.

Tom Maness, Dist. Atty., John R. DeWitt, Asst. Dist. Atty., Beaumont, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

OPINION

BROOKSHIRE, Justice.

On January 30, 1989, the trial court granted Appellant deferred adjudication upon his plea of guilty to the offense of

delivery of a controlled substance. The trial court placed Appellant on probation for a period of five years. On November 16, 1989, the State filed a motion to revoke Appellant's unadjudicated probation in the delivery of a controlled substance case. After a hearing on February 5, 1990, the trial court accepted Appellant's plea of "true" to the allegations in grounds numbers four, five, and six in the motion to revoke probation and found these allegations to be true. The trial court announced that he was taking the matter of punishment under advisement for six months. The trial court told Appellant that if he would "stay straight, stay clean for six months, get your job, get everything straight, I'll probably keep you on probation." If Appellant did not do so, the trial court promised he would give Appellant sixty years on the delivery case and ten years on the marijuana case.

On April 30, 1990, the State filed an amended motion to revoke Appellant's unadjudicated probation. On May 11, 1990, the State filed a second amended motion to revoke Appellant's probation. This second amended motion alleged several grounds for revocation, some of which were based on violations of the probation order which had allegedly occurred after the hearing of February 5, 1990. On May 21, 1990, the trial court held a hearing in which it heard evidence from Appellant and his wife concerning the violations occurring since February 5, 1990. At this hearing Appellant admitted failing a urine test which the State alleged showed he had not refrained from using marijuana as ordered. Appellant stated that he had not used marijuana. Appellant also admitted he had slapped his wife in April of 1990. Appellant's wife stated that Appellant hit her in the face. The State's second amended motion to revoke probation alleged as ground number one that Appellant committed the offense of assault by hitting his wife in the face with his hands on or about April 29, 1990.

The trial court then found "counts four, five, and six to be true" and found Appellant guilty of each underlying offense. The court then assessed Appellant's punishment at sixty years confinement in the

delivery case and ten years confinement in the marijuana case. The State seems to concede in its brief that the trial court found Appellant had violated his probation order by committing the conduct alleged in "counts" four through six in the State's original motion to revoke and not based upon any finding that the violations alleged to have occurred after the February 5, 1990, hearing were true.

■ Appellant urges by his sole point of error that the trial court erred in revoking his probation based upon findings of violations occurring prior to the February 5, 1990, hearing and that, therefore, Appellant's counsel was ineffective in not objecting to such error and waiving such error. Once a probationer is allowed to remain on probation after a hearing on a motion to revoke, the probation may not be revoked without a determination by the trial court that the probationer has committed a violation of the conditions of probation since the prior hearing. *Rogers v. State*, 640 S.W.2d 248 (Tex.Crim.App.1982). In *Rogers*, it was also held that such error must be preserved by objection in the trial court or it is waived.

■ In order to establish that he was denied effective assistance of counsel, a defendant must show that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Trial strategy will be reviewed by appellate courts only if the record demonstrates that the action was without any plausible basis. *Ex parte Ewing*, 570 S.W.2d 941, 945 (Tex. Crim.App.1978). In the present case Appellant's counsel at the second hearing did not object to the trial court's error in basing the revocation order on the violations the trial court had previously found true. However, counsel may have consciously decided not to object to such error, because to do so might well have resulted in a revocation order based upon the fact that Appellant had assaulted his wife after the prior

hearing as alleged in the State's second amended motion to revoke. Appellant admitted he had slapped her and his wife had stated that he hit her in the face. Appellant's counsel rather decided to inform the trial court that Appellant and the prosecutor had a joint recommendation that punishment should be set at five years imprisonment in each case. The prosecutor acknowledged this was true.

We find that Appellant's counsel had a plausible basis for not complaining of the trial court's error. There is some evidence that Appellant committed the assault and used marijuana after the hearing in February. There is no indication that the State could not have proved both of these alleged grounds for revocation. We conclude that reasonably competent counsel might well have decided to proceed exactly as Appellant's counsel did in this case. Therefore, Appellant's point of error is overruled and the trial court's judgment in Cause Number 50250 for delivery of a controlled substance is affirmed. Appellant prays for relief on a marijuana possession case also. However, we have never docketed any appeal in such case because this Court never received a notice of appeal concerning such conviction. Therefore, such cause is not before this Court. Tex.R.App.P. 40(b)(1) (Vernon Supp.1990).

AFFIRMED.