Bell v. State 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00068-CR







Marion Bell, Jr., Appellant




v.




The State of Texas, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT 


NO. 0946084, HONORABLE LARRY FULLER, JUDGE PRESIDING








 Appellant Marion Bell, Jr. appeals from an order revoking community supervision. He first
contends there is no evidence to support the revocation. He also contends that his three attorneys provided
ineffective assistance of counsel because they advised him to plead "true" to the allegation that he violated
a probation condition and because they did not challenge the ground of revocation alleged by the State. 
We will affirm the trial court's order.



FACTUAL AND PROCEDURAL BACKGROUND


 In November 1994, appellant was charged by indictment with a third-degree felony, theft
by check. Appellant pleaded guilty to the charge pursuant to a negotiated plea and was sentenced to ten
years' imprisonment, probated, based on the fulfillment of certain conditions of community supervision. On
March 7, 1995, before the final judgment was signed, the court signed an order styled "Conditions of
Community Supervision." This document, which was also signed by appellant, included the following
condition:



Remain in the substance abuse felony punishment facility (S.A.F.P.F.) established in Sec.
439.009, Government Code . . . for no more than one (1) year, beginning on the date
designated by the Community Supervision Officer. The defendant shall comply with all
rules, regulations, and treatment programs and remain in such facility until discharged by
the Court.



The court's final judgment, styled "Judgment of Community Supervision," was signed on April 5, 1995 and
included all the conditions of community supervision except the above-quoted SAFPF requirement. The
judgment did, however, require as a condition of community supervision that appellant would "[o]bey all
orders of the Court." Appellant entered the SAFPF facility on June 1, 1995 and was removed from the
program on September 5, 1995 due to his disruptive behavior there.

 At the hearing on the State's motion to revoke probation, appellant pleaded "true" to the
allegation that he violated the SAFPF condition, and he did not contest the grounds of revocation. His
community supervision was then revoked. Appellant now appeals that revocation on the grounds that (1)
there is no evidence that he violated a condition of his probation, because the condition he allegedly violated
was not part of the "final judgment" document, and (2) he received ineffective counsel because his attorneys
(a) recommended he plead "true" to allegations that he violated the SAFPF community supervision
condition, and (b) did not contest the grounds for the revocation.



DISCUSSION


 Appellate review of a trial court's order revoking community supervision is limited to a
determination of whether the trial court abused its discretion. Lloyd v. State, 574 S.W.2d 159, 160 (Tex.
Crim. App. 1978); Jackson v. State, 915 S.W.2d 104, 106 (Tex. App.San Antonio 1996, no pet.). 
In his first point of error, appellant contends the trial court erred in finding that he violated the SAFPF
condition and in revoking his community supervision, because there is no evidence to support the finding
that he violated a valid condition of his probation. We reject this contention. The sufficiency of the
evidence cannot be challenged in the face of a plea of "true"; a plea of "true" to an alleged probation
violation is sufficient to support revocation. Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979);
Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); Benoit v. State, 561 S.W.2d 810 (Tex.
Crim. App. 1977); Burns v. State, 835 S.W.2d 733, 735 (Tex. App.Corpus Christi 1992, pet. ref'd). 
Even if there were no other evidence that attendance at SAFPF was a condition of his supervision,
appellant's plea of "true" is dispositive of his violation. Therefore, the trial court did not abuse its discretion
in finding that appellant violated a condition of his community supervision. We overrule appellant's first
point of error.

 In his second point of error, appellant contends that his attorneys at the hearing on the
State's motion to revoke provided ineffective assistance because they advised appellant to plead "true" and
because they failed to contest the State's ground for revocation. Appellant contends that attendance at
SAFPF was not a true condition of his community supervision, because it was not expressly referred to
in the judgment (even though it was expressly stated to be a condition in another order). On this basis,
appellant argues that his trial counsel should not have advised him to plead true, but instead should have
contested the State's allegation that he violated that condition.

 Because the revocation proceeding at issue here resembles the guilt-innocence phase of
a trial, we apply the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). (1) 
Under this test, appellant must show that (1) counsel's performance was deficient to the extent that counsel
failed to function as the "counsel" guaranteed by the Sixth Amendment, and (2) the deficient performance
prejudiced the defense. Id. at 687. To show prejudice, the defendant must demonstrate that there is a
reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have
been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. 
Id. at 694. This standard was reaffirmed as the applicable test for ineffective counsel at a revocation
hearing in Reeves v. State, 805 S.W.2d 616, 617 (Tex. App.Beaumont 1991, pet. ref'd).

 We consider the following guidelines when applying the Strickland test. The constitutional
right to counsel does not mean errorless counsel. Ex parte Cruz, 739 S.W.2d 53, 58 (Tex. Crim. App.
1987). We judge the effectiveness of counsel on the totality of representation, not on an isolated incident. 
See Ex parte Walker, 777 S.W.2d 427, 431 (Tex. Crim. App. 1989); Williams v. State, 513 S.W.2d
54, 56-57 (Tex. Crim. App. 1974). Additionally, a fair assessment of trial counsel's performance requires
that the we make every effort to eliminate the distorting effects of hindsight, to reconstruct circumstances
at the trial, and to evaluate conduct from counsel's perspective at the time of trial. Ponce v. State, 901
S.W.2d 537, 540 (Tex. App.El Paso 1995, no pet.). Finally, allegations of ineffective assistance will be
sustained only if they are firmly founded in the record. Valdes-Fuerte v. State, 892 S.W.2d 103, 110
(Tex. App.San Antonio 1994, no pet.). The defendant bears the burden of proving ineffective assistance
of counsel by a preponderance of the evidence. Jackson v. State, 877 S.W.2d 768, 770 (Tex. Crim.
App. 1994); Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985); Jaile v. State, 836 S.W.2d
680, 683 (Tex. App.El Paso 1992, no pet.). In addition, "a court must indulge a strong presumption that
counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant
must overcome the presumption that, under the circumstances, the challenged action `might be considered
sound strategy.'" Jackson, 877 S.W.2d at 771 (quoting Strickland, 466 U.S. at 689).

 The substantive legal issue that appellant claims his trial counsel should have raised is an
interesting one, arguably without a clear answer. See Jones v. State, 560 S.W.2d 673, 674 (Tex. Crim.
App. 1978); Ledesman v. State, 557 S.W.2d 788, 789 (Tex. Crim. App. 1977); Arguijo v. State, 738
S.W.2d 367, 369 (Tex. App.Corpus Christi 1987, no pet.); Free v. State, 692 S.W.2d 542, 543 (Tex.
App.Beaumont 1985, no pet.). In the present case, however, appellant did not seek to explore and
develop his ineffectiveness claim at a hearing on motion for new trial. Thus, in this direct appeal appellant
has not provided any evidence to show that counsel acted in any way other than according to a sound
strategy. Therefore, we must presume counsel had a sound reason for advising him to plead "true." We
cannot conclude that allegations of ineffectiveness were firmly rooted in the record and that counsel was
constitutionally deficient. We decline to speculate about possible reasons for appellant's counsels' actions. 
See Jackson, 877 S.W.2d at 771-72. We overrule appellant's second point of error.



CONCLUSION


 We affirm the trial court's order revoking community supervision.



 J. Woodfin Jones, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: December 5, 1996

Do Not Publish

1. [1]  Even if we applied the test enunciated in Ex parte Duffy, 607 S.W.2d 507 (Tex. Crim. App.
1980), which asks whether counsel was reasonably likely to render and reasonably did render effective
assistance, we would reach the same result.


t argues that his trial counsel should not have advised him to plead true, but instead should have
contested the State's allegation that he violated that condition.

 Because the revocation proceeding at issue here resembles the guilt-innocence phase of
a trial, we apply the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). (1) 
Under this test, appellant must show that (1) counsel's performance was deficient to the extent that counsel
failed to function as the "counsel" guaranteed by the Sixth Amendment, and (2) the deficient performance
prejudiced the defense. Id. at 687. To show prejudice, the defendant must demonstrate that there is a
reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have
been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. 
Id. at 694. This standard was reaffirmed as the applicable test for ineffective counsel at a revocation
hearing in Reeves v. State, 805 S.W.2d 616, 617 (Tex. App.Beaumont 1991, pet. ref'd).

 We consider the following guidelines when applying the Strickland test. The constitutional
right to counsel does not mean errorless counsel. Ex parte Cruz, 739 S.W.2d 53, 58 (Tex. Crim. App.
1987). We judge the effectiveness of counsel on the totality of representation, not on an isolated incident. 
See Ex parte Walker, 777 S.W.2d 427, 431 (Tex. Crim. App. 1989); Williams v. State, 513 S.W.2d
54, 56-57 (Tex. Crim. App. 1974). Additionally, a fair assessment of trial counsel's performance requires
that the we make every effort to eliminate the distorting effects of hindsight, to reconstruct circumstances
at the trial, and to evaluate conduct from counsel's perspective at the time of trial. Ponce v. State, 901
S.W.2d 537, 540 (Tex. App.El Paso 1995, no pet.). Finally, allegations of ineffective assistance will be
sustained only if they are firmly founded in the record. Valdes-Fuerte v. State, 892 S.W.2d 103, 110
(Tex. App.San Antonio 1994, no pet.). The defendant bears the burden of proving ineffective assistance
of counsel by a preponderance of the evidence. Jackson v. State, 877 S.W.2d 768, 770 (Tex. Crim.
App. 1994); Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985); Jaile v. State, 836 S.W.2d
680, 683 (Tex. App.El Paso 1992, no pet.). In addition, "a court must indulge a strong presumption that
counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant
must overcome the presumption that, under the circumstances, the challenged action `might be considered
sound strategy.'" Jackson, 877 S.W.2d at 771 (quoting Strickland, 466 U.S. at 689).

 The substantive legal issue that appellant claims his trial counsel should have raised is an
interesting one, arguably without a clear answer. See Jones v. State, 560 S.W.2d 673, 674 (Tex. Crim.
App. 1978); Ledesman v. State, 557 S.W.2d 788, 789 (Tex. Crim. App. 1977); Arguijo v. State, 738
S.W.2d 367, 369 (Tex. App.Corpus Christi 1987, no pet.); Free v. State, 692 S.W.2d 542, 543 (