NUMBER 13-99-084-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


ESTEBAN GALVAN, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 197th District Court


of Cameron County, Texas.


___________________________________________________________________


O P I N I O N 



Before Justices Hinojosa, Chavez, and Rodriguez



Opinion by Justice Chavez





 Esteban Galvan, appellant, was convicted of the offense of
possession with intent to deliver a controlled substance(1) after pleading
not guilty. The conviction was enhanced by two prior convictions for
possession of a controlled substance and appellant was sentenced to
twenty-five years in prison. Appellant complains the evidence was
legally insufficient to support his conviction for possession of the
controlled substance. We overrule this point of error and affirm the
conviction.

 Chief Investigator Rene Lopez of the Cameron County Drug Task
Force received information from a confidential source that appellant and
Carlos Garza were willing to sell an ounce of cocaine at the informant's
house. Lopez selected Miguel Sanchez to act as an undercover officer
to make the buy. Agent Sanchez arrived at the informant's house and
had a conversation with the informant inside the house. Sanchez saw
appellant and Garza parked in front of the house. Garza got out of the
car and approached agent Sanchez, asking to see the money. Sanchez
said he wanted to see the cocaine first, so the pair walked to the car
where appellant was sitting in the driver's seat. Garza opened the
passenger door and Sanchez saw a clear plastic baggie containing
white powder on the front seat, just inches from appellant. Sanchez
greeted appellant, but appellant merely looked at Sanchez without
answering. Sanchez and Garza then discussed the cocaine's weight
and quality, and negotiated the price in front of appellant. Once the
terms were clear, Sanchez returned to his vehicle to get the money and
signaled the Task Force to move in and make arrests. Sanchez then
returned with Garza to the house where the informant was still
standing. Sanchez then noticed that appellant's car was gone. Inside
the house, Garza told Sanchez that appellant was the owner of the
cocaine before handing it over to Sanchez. As Sanchez started to pay
the Task Force entered and arrested Garza. 

 Chief Lopez and two other investigators testified that they
approached the house wearing police raid gear, bullet proof vests with
gold badges on the outside and black masks or caps that said "police"
in large letters. As the agents approached, appellant began to drive
away, passing within one-half car length of the officers. One agent
began to follow appellant, but Chief Lopez called off the chase out of
concern for safety and because they knew appellant and could locate
him later. The contents of the baggie were later determined to be 27.98
grams of cocaine. 

 Garza was deceased at the time of trial. The informant was not
located for trial and did not testify. Appellant did not testify. 

 The standard of review for appellate courts when reviewing the
evidence's legal sufficiency is to view the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact
could have found the essential elements of the crime beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Malik
v. State, 953 S.W.2d 234, 236 (Tex. Crim. App. 1997, en banc). 
Therefore, this Court must view the evidence in a light most favorable
to the State. A person commits the offense of possession of cocaine
if he knowingly or intentionally possesses cocaine. Possession is
defined as "actual care, custody, control or management." Tex. Health
& Safety Code Ann. § 481.002 (38) (Vernon 2000 Supp.). The State
must prove the accused was in possession of the cocaine and that the
accused had knowledge that the substance was cocaine. King v. State,
895 S.W.2d 701, 703 (Tex. Crim. App. 1995). Typically, exclusive
possession of the premises where the contraband is located is sufficient
to establish the statutory elements. Campos v. State, 716 S.W.2d 584,
585 (Tex. App.­Corpus Christi 1986, no pet.). 

 Here, the evidence shows appellant and Garza had 27.98 grams
of cocaine in a bag on the seat of the car. The cocaine sat in plain view
a few inches from appellant who was in exclusive control of the cocaine
while Garza was in the house. He was within earshot while Garza and
agent Sanchez discussed the drug deal in detail, including the weight,
quality and price of the cocaine. Garza also told Sanchez before the
other officers moved in to arrest that the cocaine belonged to appellant. 


 Considering this evidence in the light most favorable to the verdict,
there is sufficient proof that appellant exercised care, custody, control
or management of the cocaine and that he knew the substance was
cocaine such that a rational jury could have found beyond a reasonable
doubt that the evidence established the essential 




elements of possession with intent to deliver a controlled substance. 
This evidence is legally sufficient to support the verdict.

 The judgment of the trial court is AFFIRMED.



 MELCHOR CHAVEZ

 Justice

Do not publish.

TEX. R. APP. P. 47.3.


Opinion delivered and filed this

the 27th day of July, 2000.



1. Tex. Health & Safety Code Ann. § 481.112(a) (Vernon 1992).