**Opinion filed March 20, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00057-CR

_____

## RENE RUSHELL RIVERA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 1**

**Wichita County, Texas**

**Trial Court Cause No. 55669-E**

### M E M O R A N D U M   O P I N I O N

The jury convicted Rene Rushell Rivera of possession of marihuana in an amount of less than two ounces. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(1) (West 2010). The trial court assessed Appellant's punishment at confinement in the county jail for a term of ninety days. The court suspended the sentence, placed Appellant on community supervision for a period of one year, and

assessed a fine in the amount of $800. In one issue, Appellant challenges the sufficiency of the evidence to support his conviction. We affirm.

We review the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

The record shows that Officer Timothy Moffett of the Wichita Falls Police Department stopped Appellant for driving a vehicle with an expired registration. Officer Moffett testified that he "immediately smelled the smell of burnt marihuana coming from the vehicle" when he approached Appellant. He explained that, through his training, education, and experience, he knew the difference between the smell of marihuana before and after it was burned. Officer Moffett searched the vehicle and found a "clear, plastic baggy" in the ashtray that contained a green, leafy substance. Based on his training, education, and experience, Officer Moffett testified that the substance appeared to be marihuana. He explained that the substance had the same consistency, texture, and smell as marihuana. The substance was admitted into evidence.

Appellant testified that the vehicle he was driving belonged to his friend and that he borrowed it so that he could take his girlfriend to the emergency room to be seen for a concern regarding her pregnancy. He did not know that there was marihuana in the car. He did not see it or smell it, and it was not his. Appellant's friend testified that he did not keep marihuana in the car and that he had already

2

cleaned out the car at that point in time and had sold it to Appellant. The title of the vehicle was transferred to Appellant's mother after this incident.

Appellant argues that an officer's testimony alone is insufficient to identify a substance as contraband. Because the testimony of the officer was the only evidence relating to the identity of the substance in this case, Appellant contends that the State failed to prove beyond a reasonable doubt that the substance was marihuana.

Appellant is correct in that the only evidence regarding the identification of the substance seized came from the testimony of Officer Moffett. Appellant is also correct that Officer Moffett did not testify as an expert witness. Officer Moffett was not designated as an expert witness, and in response to Appellant's objections to Officer Moffett's testimony, the prosecutor stated that Officer Moffett was not offering expert testimony. The prosecutor represented to the trial court that the Court of Criminal Appeals allowed officers to testify regarding their ability to identify marihuana based on their training, education, and experience. The trial court overruled Appellant's objections and allowed Officer Moffett to testify as to the identity of the substance found in the vehicle that Appellant was driving.

The Court of Criminal Appeals has held that a police officer's identification of marihuana is admissible as a lay opinion. *Osbourn v. State*, 92 S.W.3d 531, 537–38 (Tex. Crim. App. 2002). "Unlike other drugs that may require chemical analysis, marihuana has a distinct appearance and odor that are familiar and easily recognizable to anyone who has encountered it." *Id.* at 538. Appellant argues that a lay opinion regarding the identity of a substance as marihuana is insufficient to show beyond a reasonable doubt that the substance is marihuana. The State did not present expert testimony to identify the substance, nor did the State present any evidence that the substance had been chemically tested. Appellant contends that marihuana can be confused with other substances, such as synthetic marihuana,

3

and, thus, that expert testimony is necessary to show that the substance actually is marihuana if there is no other evidence admitted regarding the identity of the substance.

We note that Appellant did not challenge the identification of the substance at trial as part of his defense, nor did he challenge Officer Moffett's ability to identify the substance as marihuana. Appellant's defense at trial was that he did not know the marihuana was in the car and that it was not his. Although Appellant directed us to several cases in his brief for the proposition that the State must present more than lay opinion testimony in order to meet its burden of proof in a possession case, Appellant has not directed us to a case in which a court has held that lay opinion testimony alone is insufficient. While there may be cases in which the State has presented more evidence regarding the identity of a controlled substance than this case presents, the lack of additional evidence here does not mean that Officer Moffett's testimony is insufficient to support the conviction.

As the State points out, Texas courts have consistently held that a police officer's testimony is sufficient to establish that the substance found was marihuana. *See, e.g.*, *Deshong v. State*, 625 S.W.2d 327, 329–30 (Tex. Crim. App. [Panel Op.] 1981) (concluding that officer's testimony that the substance he found in defendant's car was marihuana was sufficient to prove that the substance was marihuana); *Carmouche v. State*, 540 S.W.2d 701, 703 (Tex. Crim. App. 1976) (officer's testimony that the cigar box contained marihuana was sufficient to establish that the substance found in the cigar box was marihuana); *Boothe v. State*, 474 S.W.2d 219, 221 (Tex. Crim. App. 1971) (holding that the testimony of two experienced narcotics officers that the substance found appeared to them to be marihuana was sufficient for the jury to determine that it was marihuana); *Thompkins v. State*, No. 02-12-00526-CR, 2013 WL 5517875, at *5 (Tex. App.— Fort Worth Oct. 3, 2013, pet. ref'd) (mem. op., not designated for publication)

4

(holding evidence was sufficient where two police officers and one investigator testified that they identified the substance as marihuana based on their training and experience); *Mendoza v. State*, No. 04-11-00357-CR, 2011 WL 6209178, at *2 (Tex. App.—San Antonio Dec. 14, 2011, no pet.) (mem. op., not designated for publication) (holding officer's testimony that substance was marihuana was sufficient to support the conviction); *Moody v. State*, No. 13-08-00212-CR, 2009 WL 2605904, at *3–4 (Tex. App.—Corpus Christi Aug. 26, 2009, pet. ref'd) (mem. op., not designated for publication) (holding evidence was sufficient where three officers identified substance as marihuana and marihuana was admitted as evidence); *Campos v. State*, 716 S.W.2d 584, 588 (Tex. App.—Corpus Christi 1986, no pet.) (holding that officer's testimony that the substance was a usable amount of marihuana was sufficient to show that the substance was marihuana; however, evidence was insufficient to link defendants to marihuana). Therefore, we hold that Officer Moffett's testimony, based on his training and experience, was sufficient to prove beyond a reasonable doubt that the substance seized from the vehicle was marihuana. We overrule Appellant's sole issue on appeal.

We affirm the judgment of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


March 20, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.