**Melvin E. JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56618.**

Court of Criminal Appeals of Texas.

Panel No. 2.

Jan. 18, 1978.

Dain P. Whitworth, Austin, for appellant.

Ronald D. Earle, Dist. Atty. and Charles E. Hardy, Asst. Dist. Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and ODOM, JJ.

OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation.

On November 13, 1975, appellant entered a plea of guilty to the offense of aggravated robbery  The court assessed punishment at ten years but suspended the imposition of sentence and placed appellant on probation for ten years.  On April 14, 1976, the State filed a motion to revoke probation alleging that appellant committed the offense of rape.  A hearing on the motion to revoke was held on June 4, 1976, wherein the trial court found that appellant had violated the terms and conditions of his probation by committing the offense of rape as alleged.  The court entered an order revoking probation and sentenced appellant to ten years.

We are confronted at the outset by appellant's contention that the record does not contain a valid judgment as defined by Article 42.01, V.A.C.C.P.

The record contains two separate instruments which are purported to be judgments.  The first instrument was styled "Judgment of Guilt on Plea of Guilty" and entered of record on November 13, 1975.  It does not recite the punishment assessed as required by Article 42.01, Section 1(10), V.A.C.C.P.

The other instrument, styled "Assessment of Punishment", was entered of record on November 26, 1975.  Although lacking certain other requisites of a valid judgment, this instrument does recite that appellant's punishment was assessed at imprisonment for ten years.

■ Appellant correctly cites Savant v. State, 535 S.W.2d 190 (Tex.Cr.App.1976), and Richie v. State, 542 S.W.2d 422 (Tex.Cr. App.1976), for the proposition that a recital of all the requisites specified by Article 42.01, including the assessment of punishment, is essential to the validity of a judgment.  In the recent decision of Ledesman v. State, 557 S.W.2d 788 (Tex.Cr.App.1977), however, we held that two separate instruments which are purported to be judgments, although filed on different days, may be construed together to satisfy the requirements of Article 42.01, supra.

■ Construing together the two instruments in the instant case, we find that the statutory requirements of a valid judgment have been met.  In so finding we adhere to our earlier recommendations that all of the requirements for a judgment as specified in Article 42.01 be incorporated in one instrument.  See Mendez v. State, 535 S.W.2d 365 (Tex.Cr.App.1976), and Ledesman v. State, supra.

Appellant contends the court abused its discretion in revoking probation because the evidence was insufficient to support the revocation order.

The prosecutrix testified that on the night of April 2, 1976, she and William Maddox went to an Austin nightclub with the intention of buying marihuana from Charles Bradford and Floyd Taylor.  She and the three men later drove to an apartment complex.  Bradford told her to get out of the car and come with him.  He made her walk to an abandoned apartment where he raped her.

The prosecutrix further testified that Bradford then forced her to walk to a nearby house.  Appellant, who was in the kitchen, introduced himself as "Little Red." Bradford refused to let him talk to the prosecutrix and took her to a room.  An argument between the two men ensued after which Bradford left.

The prosecutrix stated that appellant then entered the room and had sexual intercourse with her without her consent.  She related that she feared him and had intercourse with him because she "didn't have any choice."

William Maddox testified that he, Charles Bradford, Floyd Taylor and the prosecutrix drove to an apartment complex to consummate a drug transaction on the night in

question. Bradford suggested that he would go in to get the marihuana and that the prosecutrix should accompany him. When they did not return, Taylor and Maddox drove around searching for them.

Maddox further testified that he saw the prosecutrix at a convenience store the next morning. She had a disheveled appearance and had been crying. She told him that she had been raped.

Donnie Jones testified that he resided in Austin with his wife and two children. Appellant and his brothers, David and Woodrow Jones, stayed in Donnie's house occasionally.

Jones related that the prosecutrix awoke him by pounding on his door early in the morning of April 3, 1976. She was crying and asked him to take her home. She told him she had been raped. Except for a blanket which she had draped around her shoulders, she was nude. Jones took her to a convenience store where she met William Maddox.

Appellant testified that he met the prosecutrix in the kitchen of Donnie Jones' house. She was with Charles Bradford. After appellant gave her a glass of water, she and Bradford went to appellant's room for awhile. Shortly thereafter, appellant asked them to leave so he could go to sleep. He stated that they left and that that was the last time he saw the prosecutrix. He denied raping her.

 The State's burden of proof in a probation revocation hearing is "by a preponderance of the evidence." Viewing the foregoing evidence in the light most favorable to the State, as we must, we find that such evidence was sufficient to support the order revoking probation.

 Appellant's final contention is that the court abused its discretion in revoking probation because the evidence was insufficient to show force or threats as alleged. In this connection, the prosecutrix testified that appellant "kept forcing himself on me, and there was no way I could stop him." She resisted by repeatedly telling him "no." This evidence was sufficient to support the·

allegation that appellant used force and threats. See V.T.C.A., Penal Code, Section 21.02.

No abuse of discretion is shown. The judgment is affirmed.