Michael Edward PORTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–88–052 CR.

Court of Appeals of Texas,
Beaumont.

Sept. 14, 1988.

David B. Bonham, Nederland, for appellant.

Stephen C. Howard, County Atty., and David P. Bosserman, Asst. County Atty., Orange, for appellee.

## OPINION

BURGESS, Justice.

Appellant was convicted by a jury of unauthorized use of a motor vehicle. The jury also found two enhancement counts to be true and assessed appellant's punishment at forty years' confinement in the Texas Department of Corrections. Appellant brings three points of error attacking the sufficiency of the evidence to prove the second enhancement count.

The indictment alleged, in the second enhancement count, that appellant had been convicted of burglary of a conveyance "on the 12th day of February, 1982, in the Sixth Judicial Circuit Court of Pinellas County, Florida, in cause number CRC 79–7777 CFANO." During the punishment phase, appellant's Florida "pen packet," which contained evidence of his conviction under four cause numbers in Florida, one of which was a conviction for burglary of a conveyance in case number CRC 79–7777 CFANO, was admitted into evidence.

In his first point of error, appellant contends that the pen packet was not properly authenticated. The front page of the packet is a certification by an administrator of the Florida Department of Corrections of the following:

STATE OF FLORIDA
COUNTY OF LEON

I, Bobbie Glover, hereby certify that I am the Admission & Release Administrator of the Department of Corrections, a governmental institution of the State of Florida, situated in the County and State aforesaid, that in my legal custody as such officer are the original files and records of persons heretofore committed to said Department; that the photograph, documents, fingerprints and case number which appear on the papers attached hereto are copies of the original records of <u>Michael E. Porter, # 227315 a</u> person heretofore committed to said Florida Department of Corrections and

who served a term of confinement therein; that I have compared the attached copies with their respective originals now on file in my office and each thereof contains, and is a full, true, and correct transcript and copy from its said original.

IN WITNESS WHEREOF, I hereunto set my hand seal this 25th day of March A.D., 1985.

/s/ Bobbie Glover
BOBBIE GLOVER, ADMINISTRATOR
ADMISSION & RELEASE
DEPARTMENT OF CORRECTIONS
STATE OF FLORIDA
COUNTY OF LEON

I, George Firestone, Secretary of State, State of Florida, do hereby certify that Bobbie Glover, whose name is subscribed to the above certificate, was at the date thereof, and is now Admission & Release Administrator of the Department of Corrections and is the legal keeper and the officer having legal custody of the original records of the said Michael E. Porter; that the said certificate is in due form and that the signature subscribed thereto is her genuine signature.

IN WITNESS WHEREOF, I hereunto subscribe my name in my official character as Secretary of State, State of Florida, this the 26th day of March A.D., 1985.

/s/ George Firestone
SECRETARY OF STATE
STATE OF FLORIDA

Appellant argues that since the authentication concerns the attached "photograph, documents, fingerprints and *case number* [singular]," it "does not allow the reader to be able to determine which of the cause numbers the authentication refers to" and is, thus, inadequate. Appellant objected in part on that ground at trial. Although the language of the certification is not as clear as it could be, the official does certify "that the ... documents ... which appear on the papers attached hereto are copies of the original records of [appellant]." It is undisputed that the documents proving appellant's conviction in CRC 79–7777 CFANO were attached to the authentication in

question. Appellant's first point of error is overruled.

In point of error two, appellant complains that the evidence is insufficient to support a finding of true under the second enhancement count since evidence of his prior Florida conviction does not show that conviction to be final under *TEX.PENAL CODE ANN. sec. 12.42(d)* (Vernon Supp. 1988). Appellant argues that the judgment is not final since it fails to recite how he plead to the underlying indictment but cites no authority in support of that contention.

■ Appellant's complaint that the judgment fails to state his plea does not, however, properly go to the finality of the conviction for enhancement purposes, but rather challenges the validity of the Florida judgment itself. Appellant had the burden of proving the judgment was void. *Hankins v. State*, 646 S.W.2d 191, 200 (Tex. Crim.App.1983) (on rehearing). In the absence of proof of the laws of the State of Florida, this court is to presume that its laws are the same as those of the State of Texas. *Smith v. State*, 683 S.W.2d 393, 406 (Tex.Crim.App.1984).

■ *TEX.CODE CRIM.PROC.ANN. art. 42.01, sec. 1(3)* (Vernon Supp.1988) does state that a judgment should reflect "[t]he plea or pleas of the defendant to the offense charged." However, failure to adhere to the requirements of *article 42.01* does not render a conviction void, but merely voidable. Such failures are subject to reformation on direct appeal but are not subject to collateral attack. *See Gates v. State*, 471 S.W.2d 857, 858 (Tex.Crim.App. 1971); *Bell v. State*, 407 S.W.2d 225, 226 (Tex.Crim.App.1966); *Love v. State*, 730 S.W.2d 385, 397 (Tex.App.—Fort Worth 1987, no pet.). Appellant's second point of error is, thus, overruled.

■ In point of error three, appellant asserts that his conviction in Florida under cause number CRC 79–7777 CFANO is void, and thus, there was insufficient evidence to prove the second enhancement count in the indictment. Appellant maintains that the Florida conviction is void since he was a juvenile at the time of the

offense and there is no proof that he was certified as an adult nor that he was afforded an examining trial.

Appellant had the burden of proving the Florida conviction was void. *Hankins*, 646 S.W.2d at 200; *see also Acosta v. State*, 650 S.W.2d 827, 829 (Tex.Crim.App.1983). Again, this court is to presume that Florida law is the same as Texas law in the absence of proof to the contrary. *Acosta*, 650 S.W.2d at 828. The cases cited by appellant do stand for the proposition that a juvenile must first be certified as an adult by a juvenile court and is entitled to an examining trial in the district court before an indictment may be returned by the grand jury. *See e.g. Ex parte Menefee*, 561 S.W.2d 822 (Tex.Crim.App.1977); *Ex parte LeBlanc*, 577 S.W.2d 731 (Tex.Crim.App. 1979). Failure to take either of these steps renders an indictment, and thus the conviction based thereon, void. *Id.* However, both a child's right to a certification proceeding and his right to an examining trial before the district court may be waived either in writing or in court proceedings that are recorded. *TEX.FAM.CODE.ANN. sec. 51.09(a)* (Vernon 1986). There is nothing to indicate that the writing must be contained in the judgment. *Cf. TEX. CODE CRIM.PROC.ANN. art. 42.01* (Vernon Supp.1988).

Appellant brought no proof that he was not certified as an adult and afforded an examining trial. Appellant has also failed to prove that there was no writing in the transcript properly waiving his rights and that the statement of facts in that cause also contains no proper waiver. He has, thus, failed to carry his burden of proof. *See Acosta*, 650 S.W.2d 829. Point of error number three is, accordingly, overruled. The judgment of the trial court is affirmed.

AFFIRMED.