TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00059-CR







John M. Rapovich, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY


NO. 426-285, HONORABLE WILFRED AGUILAR, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of deadly conduct. Tex. Penal Code Ann. § 22.05(a) (West
1994). The county court at law assessed punishment at incarceration for 180 days and a $2000 fine,
suspended imposition of sentence, and placed appellant on community supervision.

 Appellant's first point of error is that the county court at law's judgment is invalid because
it does not recite that "the defendant is adjudged guilty" as found by the jury's verdict. Tex. Code Crim.
Proc. Ann. art. 42.01, § 1(8) (West Supp. 1996). The judgment otherwise complies with article 42.01,
and in particular reflects the jury's guilty verdict, the punishment assessed, and the length and conditions of
community supervision.

 Appellant refers us to cases holding that compliance with article 42.01 is essential to the
validity of a judgment and necessary to confer appellate jurisdiction. Jones v. State, 560 S.W.2d 673,
674 (Tex. Crim. App. 1978); Richie v. State, 542 S.W.2d 422, 424 (Tex. Crim. App. 1976). The State,
in turn, relies on the more recent opinion in Jones v. State, 795 S.W.2d 199, rehearing denied, 797
S.W.2d 33 (Tex. Crim. App. 1990). In the latter case, the trial court's written judgment contained the
identical flaw found in the judgment before us in this cause. The questions presented were whether the
defect was correctable by judgment nunc pro tunc and whether the conditions of probation imposed by the
original judgment were binding on the defendant. The Court of Criminal Appeals answered both of these
questions in the affirmative. The court wrote:



[W]e are of the opinion that a defendant has been adjudged guilty when the verdict
convicting him has been received and accepted by the trial judge. No further ritual
or special incantation from the bench is necessary to accomplish an adjudication of guilt
beyond the pronouncement of sentence as required by law. Such pronouncement by the
trial judge is sufficient in this cause if it "orders that the punishment be carried into execution
in the manner prescribed by law." We are satisfied that the trial judge's pronouncement
in the instant cause was fully adequate for this purpose. No further judicial act was
required to adjudge appellant guilty.


 Consequently, although a complete written judgment is essential to the finality of
a conviction in the trial court . . . such information as is required to be set out in the
judgment is merely a record of events which have occurred in fact. The written judgment
is not itself the conviction but evidence, among other things, that a conviction has occurred.



Jones, 795 S.W.2d at 201-02 (citations omitted). The court went on to state that the defendant's
conviction "was neither incomplete nor invalid" because the judgment failed to recite that he had been
adjudged guilty, that the original judgment could be corrected nunc pro tunc to add the missing recital, and
that the conditions of probation were binding on the defendant from the date of the original judgment. Id.
at 202.

 The record in this cause shows that appellant was convicted of deadly conduct. Relying
on the opinion in Jones quoted above, we conclude that appellant's conviction is neither incomplete nor
invalid because the trial court's judgment fails to comply with article 42.01, section 1(8). We will reform
the judgment to correct the defect. See Asberry v. State, 813 S.W.2d 526, 529 (Tex. App.--Dallas
1991, pet. ref'd) (appellate court has power to reform whatever trial court could correct by judgment nunc
pro tunc). Point of error one is otherwise overruled.

 In point of error two, appellant complains of improper jury argument by the prosecutor. 
This contention is not properly before us because appellant did not secure a ruling on his trial objection. 
In the absence of an adverse ruling, error is not preserved. Tex. R. App. P. 52(a). Point of error two is
overruled.

 The judgment of conviction is reformed to reflect that appellant was adjudged guilty. As
reformed, the judgment is affirmed.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Reformed and, as Reformed, Affirmed

Filed: September 18, 1996

Do Not Publish



t at law assessed punishment at incarceration for 180 days and a $2000 fine,
suspended imposition of sentence, and placed appellant on community supervision.

 Appellant's first point of error is that the county court at law's judgment is invalid because
it does not recite that "the defendant is adjudged guilty" as found by the jury's verdict. Tex. Code Crim.
Proc. Ann. art. 42.01, § 1(8) (West Supp. 1996). The judgment otherwise complies with article 42.01,
and in particular reflects the jury's guilty verdict, the punishment assessed, and the length and conditions of
community supervision.

 Appellant refers us to cases holding that compliance with article 42.01 is essential to the
validity of a judgment and necessary to confer appellate jurisdiction. Jones v. State, 560 S.W.2d 673,
674 (Tex. Crim. App. 1978); Richie v. State, 542 S.W.2d 422, 424 (Tex. Crim. App. 1976). The State,
in turn, relies on the more recent opinion in Jones v. State, 795 S.W.2d 199, rehearing denied, 797
S.W.2d 33 (Tex. Crim. App. 1990). In the latter case, the trial court's written judgment contained the
identical flaw found in the judgment before us in this cause. The questions presented were whether the
defect was correctable by judgment nunc pro tunc and whether the conditions of probation imposed by the
original judgment were binding on the defendant. The Court of Criminal Appeals answered both of these
questions in the affirmative. The court wrote:



[W]e are of the opinion that a defendant has been adjudged guilty when the verdict
convicting him has been received and accepted by the trial judge. No further ritual
or special incantation from the bench is necessary to accomplish an adjudication of guilt
beyond the pronouncement of sentence as required by law. Such pronouncement by the
trial judge is sufficient in this cause if it "orders that the punishment be carried into execution
in the manner prescribed by law." We are satisfied that the trial judge's pronouncement
in the instant cause was fully adequate for this purpose. No further judicial act was
required to adjudge appellant guilty.


 Consequently, although a complete written judgment is essential to the finality of
a conviction in the trial court . . . such information as is required to be set out in the
judgment is merely a record of events which have occurred in fact. The written judgment
is not itself the conviction but evidence, among other things, that a conviction has occurred.



Jones, 795 S.W.2d at 201-02 (citations omitted). The court went on to state that the defendant's
conviction "was neither incomplete nor invalid" because the judgment failed to recite that he had been
adjudged guilty, that the original judgment could be corrected nunc pro tunc to add the miss