Opinion issued August 22, 2002 















In The

Court of Appeals

For The

First District of Texas






NO. 01-00-00760-CR






JOSE ANTONIO RODRIGUEZ, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 338th District Court

Harris County, Texas

Trial Court Cause No. 804288






O P I N I O N


Appellant, Jose Antonio Rodriguez, appeals the revocation of his community
supervision. Appellant was charged with the felony offense of driving while
intoxicated ("DWI"), pleaded guilty, and was sentenced to 10 years community
supervision. The State later filed a motion to revoke community supervision. 
Appellant pleaded true to several community supervision violations. The trial court
revoked community supervision and sentenced appellant to seven years in prison. In
two points of error, appellant contends (1) his counsel was ineffective at the
revocation hearing, and (2) the original judgment was void because his thumbprint
is not present. We also construe appellant's brief to assert error in the denial of his
motion to dismiss counsel. We affirm.

Background

 Appellant pleaded guilty to felony DWI and was convicted. No thumbprint
appears on the June 7, 1999 judgment. However, a thumbprint and appellant's
signature does appear on the "Conditions of Community Supervision" form also dated
June 7, 1999. 

 After the State moved in October of 1999 to revoke community supervision,
the trial court appointed Cynthia Cline to represent appellant at his community
supervision revocation hearing. Cline had not represented appellant previously at
trial. Appellant filed a motion to dismiss Cline, and the court considered the motion
before proceeding with the community supervision revocation hearing. In response
to questions from the bench, Cline stated that she had read the State's file, read the
court's community supervision file, discussed the case with the court liason officer
for the case, and was ready to proceed with the hearing. The court denied the motion
to dismiss Cline. Appellant pleaded true to violating numerous conditions of
community supervision, and appellant's counsel argued that drug treatment rather
than prison was appropriate. The State requested at least an eight year prison
sentence. The court revoked appellant's community supervision and sentenced him
to seven years in prison. 

 Appellant timely filed a pro se notice of appeal from the community
supervision revocation order. The trial court appointed new appellate counsel, and
this counsel later filed a brief stating her opinion that the appeal was frivolous. Her
brief meets the minimum requirements of Anders v. California, 386 U.S. 738, 744,
87 S. Ct. 1396, 1400 (1967), by presenting a professional evaluation of the record and
assigning grounds of error that might arguably support an appeal. Gainous v. State,
436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Counsel sent a copy of the Anders
brief to appellant, and he responded by filing a pro se brief. The State did not file a
brief.

Lack of Thumbprint on Judgment

 In his second point of error, appellant contends the judgment is void because
it did not include his thumbprint. The Code of Criminal Procedure details at length
the components that should be included in a court's written judgment. Tex. Code
Crim. Proc. Ann. art. 42.01, § 1 (Vernon Supp. 2002). One of the items to be
reflected in the judgment is "[t]he defendant's thumbprint taken in accordance with
Article 38.33." Tex. Code Crim. Proc. Ann. art. 42.01, § 1(23) (Vernon Supp.
2002). Article 38.33 states, "The court shall order that a defendant who is convicted
of a felony . . . have a thumbprint of the defendant's right thumb rolled legibly on the
judgment or the docket sheet in the case." Tex. Code Crim. Proc. Ann. art. 38.33,
§ 1 (Vernon Supp. 2002). 

 However, a failure to adhere to the thumbprint instructions of articles 42.01
and 38.33 does not render a conviction void. Sparkman v. State, 55 S.W.3d 625, 629
(Tex. App.--Tyler 2000, no pet.); see Porter v. State, 757 S.W.2d 889, 891 (Tex.
App.--Beaumont 1988, no pet.); Aguilar v. State, 658 S.W.2d 802, 806 (Tex.
App.--Dallas 1983), rev'd on other grounds, 715 S.W.2d 645 (Tex. Crim. App.
1986). Such errors in the form of the judgment are subject to reformation on direct
appeal, but are not subject to collateral attacks. Porter, 757 S.W.2d at 891; Love v.
State, 730 S.W.2d 385, 397 (Tex. App.--Fort Worth 1987, no pet.); see Gates v.
State, 471 S.W.2d 857, 858 (Tex. Crim. App. 1971); Smothermon v. State, 383
S.W.2d 929, 930-31 (Tex. Crim. App. 1964). Thus, this collateral attack on the DWI
conviction is without merit.

 We overrule appellant's second point of error.

Ineffective Assistance of Counsel 

 In his first point of error, appellant asserts his counsel was ineffective because
she did not raise the thumbprint issue at the revocation hearing, did not request an
interpreter for appellant, and did not voluntarily withdraw when appellant expressed
his desire for new counsel. A probationer has the right to be assisted by effective
counsel at a revocation hearing. Chetwood v. State, 31 S.W.3d 368, 370 (Tex.
App.--San Antonio 2000, pet. ref'd); see Hill v. State, 480 S.W.2d 200, 203 (Tex.
Crim. App. 1971). We apply the usual Strickland standard of review, requiring that
appellant show both deficient performance by counsel and prejudice. Strickland v.
Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson v. State, 9
S.W.3d 808, 812-13 (Tex. Crim. App. 1999); Chetwood, 31 S.W.3d at 370. There is
a strong presumption that the counsel's conduct was reasonable. Strickland, 466 U.S.
at 689, 104 S.Ct. at 2064. A claim of ineffective assistance of counsel must be firmly
founded in the record. Thompson, 9 S.W.3d at 813.

 Appellant's arguments are without merit. First, because the lack of a
thumbprint on the DWI judgment was not a valid ground for a collateral attack,
counsel was not ineffective for failing to raise it at the revocation hearing. Second,
although appellant now argues in his brief that he cannot understand the English
language and counsel was ineffective for not seeking translation assistance, there is
nothing in the record to support his claim. To the contrary, the record indicates that
appellant answered questions in English throughout the revocation hearing, (1) and it
does not reflect that appellant ever asked counsel to request a translator for the
proceedings. Finally, we note conflicts of personality and disagreements between
client and counsel are not automatic grounds for withdrawal. Solis v. State, 792
S.W.2d 95, 100 (Tex. Crim. App. 1990). Nothing in the record supports appellant's
assertion that counsel was ineffective for failing to withdraw. 

 We overrule appellant's first point of error.

Denial of Motion to Dismiss Counsel 

 Although not properly designated as a separate point of error, appellant argues
on appeal that the trial court erred when it denied his motion to dismiss counsel, and
we consider the issue. Appellant filed a motion to dismiss counsel that referenced
both the motion to revoke community supervision and a separate case before the same
court. Appellant alleged that just cause existed to dismiss counsel due to a failure to
adequately communicate with appellant, file motions to suppress evidence, seek
discovery of evidence, and speak to witnesses. 

 At the hearing on the motion to dismiss, held just prior to the community
supervision revocation hearing, appellant only expressed concern over his inability
to "get along" with counsel. The trial court questioned counsel about her preparation
for the hearing before denying the motion. The trial court does not have a duty to
search for an appointed counsel who is agreeable to the accused. Solis, 792 S.W.2d
at 100; Cain v. State, 976 S.W.2d 228, 235 (Tex. App.--San Antonio 1998, no pet.). 
Rather, the accused has the burden of showing just cause for a change of counsel. 
Hill v. State, 686 S.W.2d 184, 187 (Tex. Crim. App. 1985); Thomas v. State, 550
S.W.2d 64, 68 (Tex. Crim. App. 1977); Cain, 976 S.W.2d at 235. Appellant did not
meet his burden, and the trial court did not abuse its discretion in denying the motion
to dismiss counsel.Conclusion

 We have made an independent review of the record and find no arguable
ground for reversal. We overrule appellant's points of error and affirm the revocation
of community supervision. We grant appellant counsel's motion to withdraw from
the case. However, counsel still has a duty to inform appellant of this result and that
appellant may, on his own, pursue discretionary review in the Court of Criminal
Appeals. Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).




 Michael H. Schneider

 Chief Justice


Panel consists of Chief Justice Schneider, and Justices Jennings and Wilson. (2)

Do not publish. Tex. R. App. P. 47.4.
1. For example, after the court denied his motion to dismiss counsel, the
court asked if appellant had anything to say. Appellant replied, "Yes. 
I would like to know how come I cannot get another attorney if I cannot
get along with my attorney." 
2. The Honorable Davie L. Wilson, retired Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.