In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00009-CR
______________________________


BILLY WAYNE WALLS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 102nd Judicial District Court
Red River County, Texas
Trial Court No. 111-CR-00199


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Pursuant to a negotiated plea agreement, Billy Wayne Walls pled guilty in May 2002 and was
placed on deferred community supervision for burglary of a habitation. See Tex. Pen. Code Ann.
§ 30.02(a)(1) (Vernon 2003). Four months later, the State filed a motion to adjudicate Walls' guilt. 
At the hearing on the motion, Walls pled "true" to violating his community supervision and admitted
that he had been convicted in Oklahoma of a new criminal offense (unlawfully possessing a firearm
while a felon). (The State also presented witness testimony that Walls committed kidnapping and
rape in Oklahoma.) Based on Walls' plea and the evidence presented, the trial court found Walls
violated the conditions of his community supervision, adjudicated his guilt, revoked the community
supervision, and assessed Walls' punishment at life imprisonment. The trial court further ordered
that Walls not begin serving his sentence until he had first served the Oklahoma sentence. See Tex.
Code Crim. Proc. Ann. art. 42.08(a) (Vernon Supp. 2004). 
            On appeal to this Court, Walls raises several points of error: (1) whether his life sentence
is excessive and disproportionate under Article I, Section 13 of the Texas Constitution, (2) whether
the trial court's judgment is void because it fails to comply with the requirements of Article 42.01
of the Texas Code of Criminal Procedure, and (3) whether he received ineffective assistance of
counsel at the adjudication hearing. We also address an issue concerning reformation of the
judgment. We affirm.
I. The Sentence Is Not Disproportionate
            In his first point of error, Walls contends the trial court's imposition of a life sentence, when
"stacked" on his twenty-eight-year sentence for the Oklahoma charges, constitutes excessive and
disproportionate punishment. He asserts that the trial court erred by considering extraneous offenses
when determining his sentence. 
            The indictment charged Walls with burglary of a habitation with intent to commit theft. See
Tex. Pen. Code Ann. § 30.02(a)(1). That offense is generally a second degree felony, the
punishment for which is between two and twenty years' imprisonment and a fine not to exceed
$10,000.00. Tex. Pen. Code Ann. § § 12.33, 30.02(c)(2) (Vernon 2003). The indictment further
alleged that Walls had previously and finally been convicted of two prior, sequential felonies. 
If it is shown on the trial of a felony offense other than a state jail felony punishable
under Section 12.35(a) that the defendant has previously been finally convicted of
two felony offenses, and the second previous felony conviction is for an offense that
occurred subsequent to the first previous conviction having become final, on
conviction he shall be punished by imprisonment in the institutional division of the
Texas Department of Criminal Justice for life, or for any term of not more than 99
years or less than 25 years.
 
Tex. Pen. Code Ann. § 12.42(d) (Vernon Supp. 2004). 
            Our proportionality analysis under Article I, Section 13 of the Texas Constitution is guided
by "(1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other
criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime
in other jurisdictions." Alberto v. State, 100 S.W.3d 528, 530 (Tex. App.—Texarkana 2003, no pet.)
(referencing Solem v. Helm, 463 U.S. 277, 292 (1983); Simmons v. State, 944 S.W.2d 11, 15 (Tex.
App.—Tyler 1996, pet. ref'd)). "Only if we find that the sentence is grossly disproportionate to the
offense will we then consider the remaining factors of the Solem test and compare the sentence
received to sentences for similar crimes in the same jurisdiction and to sentences for the same crime
in other jurisdictions." Alberto, 100 S.W.3d at 530 (citing McGruder v. Puckett, 954 F.2d 313, 316
(5th Cir.1992)). Traditionally, as long as the punishment assessed is within the range prescribed by
the Texas Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. See, e.g.,
Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); Samuel v. State, 477 S.W.2d 611, 614
(Tex. Crim. App. 1972). 
            First, Walls' sentence of imprisonment for life falls within the statutory range given the
enhancement allegations applicable in this case. We must, therefore, presume the sentence was not
excessive, cruel, or unusual. See Jordan, 495 S.W.2d at 952. Second, a trial court may permit both
the State and the defendant to admit evidence about
any matter the court deems relevant to sentencing, including but not limited to the
prior criminal record of the defendant, his general reputation, his character, an
opinion regarding his character, the circumstances of the offense for which he is
being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any
other evidence of an extraneous crime or bad act that is shown beyond a reasonable
doubt by evidence to have been committed by the defendant or for which he could
be held criminally responsible, regardless of whether he has previously been charged
with or finally convicted of the crime or act.
 
Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2004) (emphasis added). The trial
court did not err by considering—as part of its sentencing decision—evidence of any extraneous
offenses which the court believed, beyond a reasonable doubt, were committed by Walls.


 
            Third, Walls did not present this issue to the trial court and, therefore, failed to preserve it
for our review. See Tex. R. App. P. 33.1(a); Jackson v. State, 989 S.W.2d 842, 844 (Tex.
App.—Texarkana 1999, no pet.). However, even if Walls had preserved the issue for review, we
find nothing in the record to compare the sentences imposed on persons in Texas with sentences
imposed against defendants in other jurisdictions who committed a similar offense. Cf. Fluellen v.
State, 71 S.W.3d 870, 873 (Tex. App.—Texarkana 2002, pet. ref'd).
II. The Judgment is Not Void if it Fails to Include Findings about Punishment Enhancements
            Walls next contends the trial court's judgment adjudicating his guilt does not meet the
requirements of Article 42.01 of the Texas Code of Criminal Procedure because the judgment does
not include a finding that Walls was an habitual offender. Tex. Code Crim. Proc. Ann. art. 42.01
(Vernon Supp. 2004). Walls asks us to void the trial court's judgment and sentence.
            The indictment alleged Walls had twice previously and sequentially been convicted of a
felony offense in Texas. See Tex. Pen. Code Ann. § 12.42(d) (habitual offender punishment). If
proven at trial, these convictions would raise the minimum sentence for Walls' current offense from
two years up to twenty-five years, and elevate the maximum punishment from twenty years'
imprisonment to incarceration for life. Id. Walls made a written judicial confession as part of his
original negotiated plea agreement; in the confession, he admitted that the enhancement allegations
in the indictment were true and correct. However, the trial court's judgment following adjudication
of Walls' guilt contains no explicit finding regarding the punishment enhancement allegations. This
failure, according to Walls, should prevent him from receiving a sentence under an elevated
punishment range. Walls asks us to void the judgment and sentence


 and cites Jones v. State, 560
S.W.2d 673 (Tex. Crim. App. [Panel Op.] 1978), and Porter v. State, 757 S.W.2d 889, 891 (Tex.
App.—Beaumont 1988, no pet.), in support of his position. 
            In Jones, 560 S.W.2d at 674, the trial court revoked the defendant's community supervision
for aggravated robbery and assessed a ten-year sentence. The trial court's first "judgment," which
recorded the order of community supervision, lacked the statutorily required recitation of the
sentence. Id. The trial court's second "judgment," revoking the defendant's community supervision,
lacked several different requirements of Article 42.01, yet it did recite the sentence assessed. Id. 
The Texas Court of Criminal Appeals held that the two documents, when construed together, met
the requirements of Article 42.01 and therefore constituted a valid judgment. Id. 
            In Porter, 757 S.W.2d at 891, the defendant complained that evidence of a Florida conviction
was insufficient because the "judgment" did not reflect Porter's plea to the charge, as required by
Article 42.01. See Tex. Code Crim. Proc. Ann. art 42.01, § 1(3). The Beaumont court held the
"failure to adhere to the requirements of article 42.01 does not render a conviction void, but merely
voidable." Porter, 757 S.W.2d at 891. The court then went on to hold that "[s]uch failures are
subject to reformation on direct appeal, but are not subject to collateral attack." Id.
            Neither Jones nor Porter provide guidance in the case now before us. Both are factually
distinguishable. In Jones, the Texas Court of Criminal Appeals was able to cobble together a
complete "judgment" using pieces from two relevant documents. In Walls' case, neither the
judgment that originally granted community supervision nor the judgment adjudicating guilt contain
an explicit finding by the trial court that both of the enhancement allegations were true. Similarly,
Porter sought to collaterally attack the validity of an out-of-state judgment. In the case now before
us, Walls stipulated to having been twice previously convicted of a felony, as part of his 2002 guilty
plea. 
            "The Code lists twenty-six items the judgment should reflect," Speth v. State, 6 S.W.3d 530,
532 (Tex. Crim. App. 1999), including the title and cause number of the case, the names of the
attorneys involved, whether the defendant was represented by counsel, whether the case was tried
to a jury, the date of the offense(s) and the degree of the offense(s) for which the defendant was
convicted, the term of sentence, the date the judgment is entered, the date sentenced is imposed, and
whether the court made an affirmative finding that a deadly weapon was used during the commission
of the offense. See Tex. Code Crim. Proc. Ann. art. 42.01, § 1. Article 42.01 does not require that
the judgment include specific findings regarding the punishment enhancement allegations in the
indictment. See generally Tex. Code Crim. Proc. Ann. art 42.01, § 1. Moreover, Walls' judicial
confession provided sufficient evidence to support the trial court's decision to sentence Walls within
the range provided under Article 12.42(d) of the Texas Penal Code. We overrule Walls' point of
error.
III. We Lack Jurisdiction to Consider Whether Walls Received Ineffective Assistance of Counsel
            In his final point of error, Walls contends he received ineffective assistance of counsel during
the hearing on whether to proceed to an adjudication of guilt. Article 42.12, Section 5(b) of the
Texas Code of Criminal Procedure prohibits Walls from raising this issue on direct appeal. See Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2004); Phynes v. State, 828 S.W.2d 1, 2
(Tex. Crim. App. 1992) (appellant may not challenge denial of access to attorney on direct appeal
of trial court's decision to adjudicate guilt).
            However, even if we had jurisdiction to consider Walls' claim of ineffective assistance, we
cannot say the record supports a finding that his trial court's performance fell below an objective
standard of reasonableness, or that, but for counsel's alleged errors, the outcome of the proceedings
would have been different. Walls contends his trial counsel failed to call any witnesses to testify on
his behalf and failed to cross-examine the State's witnesses. The record, however, suggests Walls
told his trial counsel that there were no questions to ask of the State's witnesses during the revocation
hearing. Walls has not directed our attention to any place in the record that would support a
conclusion that, but for counsel's alleged failure to cross-examine the State's witnesses and call
witnesses on Walls' behalf, the hearing's outcome would have been different. To the contrary, Walls
pled "true" to committing a new felony in Oklahoma. Thus, even if we had jurisdiction to consider
Walls' claim of ineffective assistance, Walls has not made the showing required by Strickland v.
Washington, 466 U.S. 668 (1984), and Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986).
IV. The Judgment Must be Reformed to Reflect the Oral Pronouncement of Sentence
            Finally, the State's brief on appeal addresses an issue not directly raised by Walls. At the
sentencing hearing, the trial court made the following ruling:
The defendant is presently serving a term in the Oklahoma Department of
Corrections out of the District Court of McCurtain County, in the State of Oklahoma,
Cause No. CF2002-238. The date of this judgement appears to be--well, at least it
was filed in the Clerk's office on January 21st, of 2003. The judgement on its face
reflects that the Judge of the District Court there entered his order on January 17,
2003.
 
            It will be the order of this Court that the life in prison term as imposed in each
of these cases will not commence until such time that the defendant has concluded
his twenty-eight year sentence as imposed by the State of Oklahoma. The State of
Texas will lodge the appropriate documents, documentation, for at the conclusion of
this term in the [S]tate of Oklahoma, where he will be transferred to the Texas
Department of Criminal Justice where he will serve the rest of his life.
 
The trial court's written judgment, however, does not properly reflect its oral "stacking" order. The
State asks us to reform the judgment to reflect the trial court's oral pronouncement.
            "A defendant's sentence must be pronounced orally in his presence." Taylor v. State, 131
S.W.3d 497, 500 (Tex. Crim. App. 2004). "The judgment, including the sentence assessed, is just
the written declaration and embodiment of that oral pronouncement." Id. "When there is a conflict
between the oral pronouncement of sentence and the sentence in the written judgment, the oral
pronouncement controls." Id. 
            "The recommended elements of a cumulation order are: 1) the cause number of the prior
conviction; 2) the correct name of the court where the prior conviction was taken; 3) the date of the
prior conviction; 4) the term of years of the prior conviction; and 5) the nature of the prior
conviction." Edwards v. State, 106 S.W.3d 833, 845 (Tex. App.—Dallas 2003, pet. ref'd)
(referencing Stokes v. State, 688 S.W.2d 539, 540 (Tex. Crim. App. 1985)). In this case, the trial
court's oral pronouncement lacks only the nature of the prior conviction. However, earlier, the trial
court noted that Walls had pled "true" to having been convicted of "the offense of first degree
robbery with a dangerous weapon" on January 17, 2003. Therefore, while the trial court did not
neatly group all the elements of a proper cumulation order together, the record is clear that the trial
court's description was substantially and sufficiently specific to give notice to both Walls and the
Texas Department of Corrections which sentences in this case the trial court intended to be
cumulated.


 See Stokes, 668 S.W.3d at 540 (cumulation order sufficient to give defendant notice);
Ex parte Lewis, 414 S.W.2d 682, 683–84 (Tex. Crim. App. 1967) (cumulation order sufficient to
give defendant notice).
            We have the authority to correct and reform the judgment of the court below when the record
before us contains the necessary information to make such corrections. See, e.g., Yebio v. State, 87
S.W.3d 193, 196 (Tex. App.—Texarkana 2002, pet. ref'd) (reforming judgment to reflect concurrent
rather than cumulative sentences). The trial court's written judgment does not comport with its oral
pronouncement. Reformation is required. Accordingly, we reform the trial court's judgment to
include its oral cumulation order.
            As reformed, the trial court's judgment is affirmed.



                                                                        Jack Carter
                                                                        Justice

Date Submitted:          June 15, 2004
Date Decided:             June 29, 2004

Do Not Publish



f service until the adjustments
were made. He claims to have adjusted every one of the brakes. There is some evidence which
supports this position. Jones and Hookie both testified that brakes going out of adjustment is a
common mechanical problem in the trucking industry and that it is also common for an experienced
truck driver to adjust the brakes on site.
            Reconciliations of conflicts in the evidence is the exclusive province of the jury. Stadt, 120
S.W.3d at 436. We are not to substitute our opinion for that of the jury. Id. Rather, we recognize
that the determination of weight to be given to conflicting evidence often depends on an evaluation
of credibility. See id. Therefore, the jury was free to disbelieve or give less weight to Hookie's
testimony that he made the necessary adjustments to the brakes October 15. We defer to that finding.
            Considering all the evidence in a neutral light, we cannot say the jury's verdict was based on
factually insufficient evidence. The evidence supporting a finding of guilt is not so weak as to
undermine our confidence in the jury's verdict. Nor does the evidence that the collision was the
result of an accident greatly outweigh the evidence supporting the jury's verdict. We overrule
Hookie's points of error regarding evidentiary sufficiency.
Constitutionality of Sentencing
            A jury may not allow a defendant community supervision on conviction of a state jail felony. 
Tex. Code Crim. Proc. Ann. art 42.12, § 4(d)(2) (Vernon Supp. 2004). But, a judge may suspend
the imposition of such a sentence and place a defendant on community supervision. Tex. Code
Crim. Proc. Ann. art. 42.12, § 15(2) (Vernon Supp. 2004). Hookie complains this statutory scheme
deprives him of his right to be considered for community supervision by a jury.



 
            Unless a statutory classification discriminates against a suspect class


 not present here, it need
only be rationally related to a legitimate state purpose. Cannady v. State, 11 S.W.3d 205, 215 (Tex.
Crim. App. 2000). Here, the classification scheme distinguishes between those convicted of a state
jail felony and those convicted of another noncapital felony, not raising any suspect class issue. 
Therefore, the statute is constitutional if there is a rational relationship between the legislative
classification and a legitimate state interest. See Clark v. State, 665 S.W.2d 476, 480–81 (Tex. Crim.
App. 1984).
            In reviewing a statute's constitutionality, we begin with a presumption of the statute's validity,
that is, presuming that the Legislature did not act unreasonably or arbitrarily in enacting the statute
and that it had due regard for constitutional requirements. It is the challenger's burden to show that
the statute is unconstitutional. Every reasonable presumption is made in favor of the
constitutionality and validity of the statute. The statute must be upheld if a reasonable construction
can be ascertained which will render the statute constitutional and carry out the legislative intent. 
We apply a highly deferential standard of review to equal protection claims of this nature. Anderer
v. State, 47 S.W.3d 60, 66 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). One who challenges
the rationality of a legislative classification must carry a heavy burden in that he or she must negate
every conceivable basis which might support the classification. Id.
            The Fourteenth Court of Appeals addressed this issue in Anderer. Id. The Anderer court
held there was a rational basis in the Legislature's decision to give only judges the discretion to grant
community supervision in some cases. Id. The court of appeals reasoned that trial judges, unlike
juries, are familiar with the terms of community supervision, the availability of rehabilitative
programs, and the other unique aspects of the state jail felony system. Id. Thus, the limitation is
rationally related to the State's interest in an efficient criminal justice system.
            Since there is a conceivable basis for maintaining this classification, Hookie has failed to
meet his burden of negating all rational bases for the classification drawn by Section six of Article
42.12.


 We overrule his point of error challenging its constitutionality.
Proportionality of Sentence
            In his third and final point of error, Hookie contends the one-year sentence in a state jail
facility is disproportionate to the offense. Hookie has failed to preserve this issue for our review. 
He did not object to the sentence on the ground it was disproportionate to the crime, or on any other
ground, at the time it was imposed. To preserve a complaint for appellate review, an appellant must
have presented to the trial court a timely request, objection, or motion, stating the specific grounds
for the ruling desired. Tex. R. App. P. 33.1(a)(1)(A); Rhoades v. State, 934 S.W.2d 113, 119 (Tex.
Crim. App. 1996). This Court has held that a defendant is required to raise a disproportionality
objection to a sentence at the time the sentence is imposed. Jackson v. State, 989 S.W.2d 842, 845
(Tex. App.—Texarkana 1999, no pet.). Nothing is presented for our review and, thus, we overrule
this point of error.
Conclusion
            We hold the evidence supporting Hookie's conviction for criminally negligent homicide is
both legally and factually sufficient. Further, we conclude Article 42.12, Section 4(d)(2) does not
violate Hookie's right to equal protection under the federal and state constitutions. See Tex. Code
Crim. Proc. Ann. art. 42.12, § 4(d)(2). Finally, we hold that Hookie failed to preserve error as to
his complaint that his sentence of one-year in a state jail facility is disproportionate to the offense
committed. 
            Accordingly, we affirm the judgment of the trial court.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          January 30, 2004
Date Decided:             April 20, 2004

Publish