In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00153-CR


______________________________




TEREKA REON BROWN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 276th Judicial District Court


Titus County, Texas


Trial Court No. 14,574




 




Before Morriss, C.J., Carter and Moseley, JJ.


Opinion by Justice Moseley



O P I N I O N



 A jury convicted Tereka Reon Brown of murder, but was thereafter unable to unanimously
agree on punishment; the trial court declared a mistrial as to punishment only. A second jury was
empanelled for a new trial on punishment only. At some point in that jury's deliberation, it sent a
note to the trial court requesting certain evidence and asking, further, if they were supposed to have
been sworn in as jurors to "uphold the law." The court admitted to having forgotten to swear in the
jurors; the court then called the jurors back into the courtroom and caused the oath to be
administered; the court then allowed both the State and Brown to tender (as if by reference or by
stipulation, but not plainly stated either way) the evidence which had been previously proffered. 

 Brown's only issue on appeal is that the trial court abused its discretion in having
administered the oath to the jury after presentation of all evidence and argument, and after
deliberation had begun. Finding no reversible error, we affirm.

 When the court read the jury's note and announced to counsel his intention to swear in the
jury at that time, defense counsel objected on the ground that the jury "heard the evidence while they
were unsworn." The objection was overruled. The court called the jurors back to the courtroom and
swore them in. Both the State and defense then reoffered, each by single-sentence submissions, all
admitted evidence previously tendered, which the court received. The court also instructed the then
properly-sworn jury to consider the law as presented in the charge which had been given previously
and the statements of counsel in their closing arguments. The jury again retired and reached a
verdict, assessing punishment at ninety-nine years' confinement and a $10,000.00 fine. Brown's
motion for new trial based her point on the failure of the court to properly administer the oath before
submission of the evidence; she maintained that this failure to administer the oath to the jury
pursuant to Article 35.22 of the Texas Code of Criminal Procedure denied Brown's right to trial by
jury under the United States and Texas Constitutions. This motion for new trial was overruled by
operation of law. 

 Article 35.22 of the Texas Code of Criminal Procedure dictates that:

 When the jury has been selected, the following oath shall be administered
them by the court or under its direction: "You and each of you do solemnly swear
that in the case of the State of Texas against the defendant, you will a true verdict
render according to the law and the evidence, so help you God."

Tex. Code Crim. Proc. Ann. art. 35.22 (Vernon 2006). There is little doubt that a complete failure
to administer the jury oath renders the jury's verdict a nullity and is reversible error. See White v.
State, 629 S.W.2d 701, 704 (Tex. Crim. App. 1981); Howard v. State, 80 Tex. Crim. 588, 192 S.W.
770 (1917). The reasoning in this is that "6 or 12 men sitting in judgment, unsworn, do not
constitute a jury." Crisp v. State, 87 Tex. Crim. 137, 139, 220 S.W. 1104, 1104 (1920). 
Nonetheless, the untimely swearing of the jury does not render the verdict void and is not reversible
error. See White, 629 S.W.2d at 704 (jury sworn during testimony of first witness); Woodkins v.
State, 542 S.W.2d 855, 860-61 (Tex. Crim. App. 1976) (jury sworn after third State's witness had
testified); accord Patterson v. State, 416 S.W.2d 816, 820-21 (Tex. Crim. App. 1967) (no abuse of
discretion to allow reopening of case to present testimony once again of a witness originally
testifying before jury was sworn). 

 Unlike the small number of Texas cases that have addressed this issue, the facts presented
here involve neither a totally unsworn jury (such as the situation addressed in Howard) nor an
untimely sworn jury which had been administered its oath before it commenced deliberation (as with
the White case). This jury had begun its deliberation before having been sworn in as jurors. Brown
urges that this situation is analogous to the Howard-type situation of a complete failure to administer
the oath. Texas has not addressed the validity of the actions of a jury which is administered its oath
after it has already begun its deliberation. (1)
 

 We note that in Brown's trial, the situation presented is more akin to the situation of an
untimely-sworn jury case than to those cases in which juries remained totally unsworn; once the jury
was sworn, the evidence was reintroduced and readmitted and the jury was, in essence, re-charged. 
Before it begins its deliberation, a jury's role is relatively passive; it is supposed to sit, watch, and
listen; it is during deliberation that it becomes the active figure in the trial process. The Brown jury
demonstrated that it understood its role by sending out the note and requesting evidence and also by
simultaneously questioning the lack of the administration of an oath. The court promptly took steps
to correct the oversight. As such, any potential harm was immediately cured as soon as the error was
discovered and before the end of the jury's deliberative process; this is in contrast to cases in which
the jury was never sworn and, therefore, any harm became incapable of being cured. It was error not
to have sworn the jury at the proper stage of the trial but the error was rendered harmless by the
actions of the court in causing the oath to be administered when it was; it seems most unlikely that
any different result would have been forthcoming in the trial if the proper procedure had been
followed. We accordingly find that the trial court did not abuse its discretion in swearing in the jury,
readmitting all of the evidence it had already heard, and referring the jury to the previously-given
charge after the jury had begun deliberation. 

 We affirm the judgment. 


 Bailey C. Moseley

 Justice


Date Submitted: February 9, 2007

Date Decided: March 9, 2007


Publish
1. We note that, in other jurisdictions that have addressed this presentation of the problem, the
courts have usually found no reversible error. For example, both Arizona and Oregon have found
no reversible error when the jury was not sworn until after deliberation had begun. See State v.
Godfrey, 666 P.2d 1080, 1081-82 (Ariz. Ct. App. 1983) (recalling jurors to be sworn "within
minutes" of starting deliberation not reversible error); State v. Barone, 986 P.2d 5, 17 (Or. 1999)
(finding no different analysis needed for untimeliness of oath administration before or after
deliberation had begun). Mississippi, on the other hand, both affirms and reverses convictions by
juries not sworn until deliberation, depending on whether the offense charged is a capital or
noncapital felony or a misdemeanor. Compare Miller v. State, 84 So. 161 (Miss. 1920) (reversible
error to administer oath after deliberation had begun in capital case) with Boroum v. State, 63 So.
297 (Miss. 1913) (not reversible error to administer oath during deliberation in misdemeanor case);
see also Stark v. State, 97 So. 577 (Miss. 1923) (discussing the potential conflicts in those decisions
and ultimately affirming a noncapital felony conviction by an untimely sworn jury). 




="font-family: 'Times New Roman', serif">Tex. Pen. Code Ann. § 12.42(d) (Vernon Supp. 2004). 
            Our proportionality analysis under Article I, Section 13 of the Texas Constitution is guided
by "(1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other
criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime
in other jurisdictions." Alberto v. State, 100 S.W.3d 528, 530 (Tex. App.—Texarkana 2003, no pet.)
(referencing Solem v. Helm, 463 U.S. 277, 292 (1983); Simmons v. State, 944 S.W.2d 11, 15 (Tex.
App.—Tyler 1996, pet. ref'd)). "Only if we find that the sentence is grossly disproportionate to the
offense will we then consider the remaining factors of the Solem test and compare the sentence
received to sentences for similar crimes in the same jurisdiction and to sentences for the same crime
in other jurisdictions." Alberto, 100 S.W.3d at 530 (citing McGruder v. Puckett, 954 F.2d 313, 316
(5th Cir.1992)). Traditionally, as long as the punishment assessed is within the range prescribed by
the Texas Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. See, e.g.,
Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); Samuel v. State, 477 S.W.2d 611, 614
(Tex. Crim. App. 1972). 
            First, Walls' sentence of imprisonment for life falls within the statutory range given the
enhancement allegations applicable in this case. We must, therefore, presume the sentence was not
excessive, cruel, or unusual. See Jordan, 495 S.W.2d at 952. Second, a trial court may permit both
the State and the defendant to admit evidence about
any matter the court deems relevant to sentencing, including but not limited to the
prior criminal record of the defendant, his general reputation, his character, an
opinion regarding his character, the circumstances of the offense for which he is
being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any
other evidence of an extraneous crime or bad act that is shown beyond a reasonable
doubt by evidence to have been committed by the defendant or for which he could
be held criminally responsible, regardless of whether he has previously been charged
with or finally convicted of the crime or act.
 
Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2004) (emphasis added). The trial
court did not err by considering—as part of its sentencing decision—evidence of any extraneous
offenses which the court believed, beyond a reasonable doubt, were committed by Walls.


 
            Third, Walls did not present this issue to the trial court and, therefore, failed to preserve it
for our review. See Tex. R. App. P. 33.1(a); Jackson v. State, 989 S.W.2d 842, 844 (Tex.
App.—Texarkana 1999, no pet.). However, even if Walls had preserved the issue for review, we
find nothing in the record to compare the sentences imposed on persons in Texas with sentences
imposed against defendants in other jurisdictions who committed a similar offense. Cf. Fluellen v.
State, 71 S.W.3d 870, 873 (Tex. App.—Texarkana 2002, pet. ref'd).
II. The Judgment is Not Void if it Fails to Include Findings about Punishment Enhancements
            Walls next contends the trial court's judgment adjudicating his guilt does not meet the
requirements of Article 42.01 of the Texas Code of Criminal Procedure because the judgment does
not include a finding that Walls was an habitual offender. Tex. Code Crim. Proc. Ann. art. 42.01
(Vernon Supp. 2004). Walls asks us to void the trial court's judgment and sentence.
            The indictment alleged Walls had twice previously and sequentially been convicted of a
felony offense in Texas. See Tex. Pen. Code Ann. § 12.42(d) (habitual offender punishment). If
proven at trial, these convictions would raise the minimum sentence for Walls' current offense from
two years up to twenty-five years, and elevate the maximum punishment from twenty years'
imprisonment to incarceration for life. Id. Walls made a written judicial confession as part of his
original negotiated plea agreement; in the confession, he admitted that the enhancement allegations
in the indictment were true and correct. However, the trial court's judgment following adjudication
of Walls' guilt contains no explicit finding regarding the punishment enhancement allegations. This
failure, according to Walls, should prevent him from receiving a sentence under an elevated
punishment range. Walls asks us to void the judgment and sentence


 and cites Jones v. State, 560
S.W.2d 673 (Tex. Crim. App. [Panel Op.] 1978), and Porter v. State, 757 S.W.2d 889, 891 (Tex.
App.—Beaumont 1988, no pet.), in support of his position. 
            In Jones, 560 S.W.2d at 674, the trial court revoked the defendant's community supervision
for aggravated robbery and assessed a ten-year sentence. The trial court's first "judgment," which
recorded the order of community supervision, lacked the statutorily required recitation of the
sentence. Id. The trial court's second "judgment," revoking the defendant's community supervision,
lacked several different requirements of Article 42.01, yet it did recite the sentence assessed. Id. 
The Texas Court of Criminal Appeals held that the two documents, when construed together, met
the requirements of Article 42.01 and therefore constituted a valid judgment. Id. 
            In Porter, 757 S.W.2d at 891, the defendant complained that evidence of a Florida conviction
was insufficient because the "judgment" did not reflect Porter's plea to the charge, as required by
Article 42.01. See Tex. Code Crim. Proc. Ann. art 42.01, § 1(3). The Beaumont court held the
"failure to adhere to the requirements of article 42.01 does not render a conviction void, but merely
voidable." Porter, 757 S.W.2d at 891. The court then went on to hold that "[s]uch failures are
subject to reformation on direct appeal, but are not subject to collateral attack." Id.
            Neither Jones nor Porter provide guidance in the case now before us. Both are factually
distinguishable. In Jones, the Texas Court of Criminal Appeals was able to cobble together a
complete "judgment" using pieces from two relevant documents. In Walls' case, neither the
judgment that originally granted community supervision nor the judgment adjudicating guilt contain
an explicit finding by the trial court that both of the enhancement allegations were true. Similarly,
Porter sought to collaterally attack the validity of an out-of-state judgment. In the case now before
us, Walls stipulated to having been twice previously convicted of a felony, as part of his 2002 guilty
plea. 
            "The Code lists twenty-six items the judgment should reflect," Speth v. State, 6 S.W.3d 530,
532 (Tex. Crim. App. 1999), including the title and cause number of the case, the names of the
attorneys involved, whether the defendant was represented by counsel, whether the case was tried
to a jury, the date of the offense(s) and the degree of the offense(s) for which the defendant was
convicted, the term of sentence, the date the judgment is entered, the date sentenced is imposed, and
whether the court made an affirmative finding that a deadly weapon was used during the commission
of the offense. See Tex. Code Crim. Proc. Ann. art. 42.01, § 1. Article 42.01 does not require that
the judgment include specific findings regarding the punishment enhancement allegations in the
indictment. See generally Tex. Code Crim. Proc. Ann. art 42.01, § 1. Moreover, Walls' judicial
confession provided sufficient evidence to support the trial court's decision to sentence Walls within
the range provided under Article 12.42(d) of the Texas Penal Code. We overrule Walls' point of
error.
III. We Lack Jurisdiction to Consider Whether Walls Received Ineffective Assistance of Counsel
            In his final point of error, Walls contends he received ineffective assistance of counsel during
the hearing on whether to proceed to an adjudication of guilt. Article 42.12, Section 5(b) of the
Texas Code of Criminal Procedure prohibits Walls from raising this issue on direct appeal. See Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2004); Phynes v. State, 828 S.W.2d 1, 2
(Tex. Crim. App. 1992) (appellant may not challenge denial of access to attorney on direct appeal
of trial court's decision to adjudicate guilt).
            However, even if we had jurisdiction to consider Walls' claim of ineffective assistance, we
cannot say the record supports a finding that his trial court's performance fell below an objective
standard of reasonableness, or that, but for counsel's alleged errors, the outcome of the proceedings
would have been different. Walls contends his trial counsel failed to call any witnesses to testify on
his behalf and failed to cross-examine the State's witnesses. The record, however, suggests Walls
told his trial counsel that there were no questions to ask of the State's witnesses during the revocation
hearing. Walls has not directed our attention to any place in the record that would support a
conclusion that, but for counsel's alleged failure to cross-examine the State's witnesses and call
witnesses on Walls' behalf, the hearing's outcome would have been different. To the contrary, Walls
pled "true" to committing a new felony in Oklahoma. Thus, even if we had jurisdiction to consider
Walls' claim of ineffective assistance, Walls has not made the showing required by Strickland v.
Washington, 466 U.S. 668 (1984), and Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986).
IV. The Judgment Must be Reformed to Reflect the Oral Pronouncement of Sentence
            Finally, the State's brief on appeal addresses an issue not directly raised by Walls. At the
sentencing hearing, the trial court made the following ruling:
The defendant is presently serving a term in the Oklahoma Department of
Corrections out of the District Court of McCurtain County, in the State of Oklahoma,
Cause No. CF2002-238. The date of this judgement appears to be--well, at least it
was filed in the Clerk's office on January 21st, of 2003. The judgement on its face
reflects that the Judge of the District Court there entered his order on January 17,
2003.
 
            It will be the order of this Court that the life in prison term as imposed in each
of these cases will not commence until such time that the defendant has concluded
his twenty-eight year sentence as imposed by the State of Oklahoma. The State of
Texas will lodge the appropriate documents, documentation, for at the conclusion of
this term in the [S]tate of Oklahoma, where he will be transferred to the Texas
Department of Criminal Justice where he will serve the rest of his life.
 
The trial court's written judgment, however, does not properly reflect its oral "stacking" order. The
State asks us to reform the judgment to reflect the trial court's oral pronouncement.
            "A defendant's sentence must be pronounced orally in his presence." Taylor v. State, 131
S.W.3d 497, 500 (Tex. Crim. App. 2004). "The judgment, including the sentence assessed, is just
the written declaration and embodiment of that oral pronouncement." Id. "When there is a conflict
between the oral pronouncement of sentence and the sentence in the written judgment, the oral
pronouncement controls." Id. 
            "The recommended elements of a cumulation order are: 1) the cause number of the prior
conviction; 2) the correct name of the court where the prior conviction was taken; 3) the date of the
prior conviction; 4) the term of years of the prior conviction; and 5) the nature of the prior
conviction." Edwards v. State, 106 S.W.3d 833, 845 (Tex. App.—Dallas 2003, pet. ref'd)
(referencing Stokes v. State, 688 S.W.2d 539, 540 (Tex. Crim. App. 1985)). In this case, the trial
court's oral pronouncement lacks only the nature of the prior conviction. However, earlier, the trial
court noted that Walls had pled "true" to having been convicted of "the offense of first degree
robbery with a dangerous weapon" on January 17, 2003. Therefore, while the trial court did not
neatly group all the elements of a proper cumulation order together, the record is clear that the trial
court's description was substantially and sufficiently specific to give notice to both Walls and the
Texas Department of Corrections which sentences in this case the trial court intended to be
cumulated.


 See Stokes, 668 S.W.3d at 540 (cumulation order sufficient to give defendant notice);
Ex parte Lewis, 414 S.W.2d 682, 683–84 (Tex. Crim. App. 1967) (cumulation order sufficient to
give defendant notice).
            We have the authority to correct and reform the judgment of the court below when the record
before us contains the necessary information to make such corrections. See, e.g., Yebio v. State, 87
S.W.3d 193, 196 (Tex. App.—Texarkana 2002, pet. ref'd) (reforming judgment to reflect concurrent
rather than cumulative sentences). The trial court's written judgment does not comport with its oral
pronouncement. Reformation is required. Accordingly, we reform the trial court's judgment to
include its oral cumulation order.
            As reformed, the trial court's judgment is affirmed.



                                                                        Jack Carter
                                                                        Justice

Date Submitted:          June 15, 2004
Date Decided:             June 29, 2004

Do Not Publish